# EVANS v. GOODLET.

Where the vendor of real estate takes no security for the purchase-money but
the vendee's bond, he retains a lien on the land while held by the vendee,
whether the conveyance has been executed or not.

*Friday,*    THIS was a suit in equity, commenced in this Court on account
*May 9.*    of the interest of the circuit judge, in whose circuit the land
mentioned in the bill is situate.—The bill states, that the com-
plainant had sold the defendant a certain tract of land; had
taken no security for payment but the defendant's bond; and
had given possession without executing a conveyance. Also,
that the complainant had recovered a judgment at law on the
bond, and had sued out a fieri facias thereon, which was return-
ed "no property found." Prayer, that the premises might be
sold to satisfy the judgment. The bill was demurred to, and
the demurrer overruled. The defendant declined putting in
an answer.

*Per Curiam.*—A sale of the property is decreed, according to the prayer of the bill (1).

May Term, 1823.

*Hart,* for the complainant.

*Tabbs,* for the defendant.

(1) The taking of the bond did not discharge the lien. It is only when the security taken is intended as a substitution for the lien, not as a mere mode of payment, that the lien is discharged. Vide *Lagow et al.* v. *Badollet et al.* and note, *May* term, 1826, post.