Nov. Term, 1823.

BOTTORF
v.
CONNER.

*Moore* and *Payne*, for the plaintiff.

*Kidder*, for the defendant.

---

## BOTTORF *v.* CONNER.

Where a demurrer to a bill in chancery is overruled, a final decree is not rendered against the defendant; but he is only ordered to answer.

The vendor's lien on real estate for the purchase-money, is not an original and absolute charge on the land, but only an equitable right to resort to it, in case there be not sufficient personal estate.

APPEAL from the *Clark* Circuit Court.

Wednesday, November 12.

SCOTT, J.—*Conner* sold to *Bottorf* a tract of land; and the purchase-money remaining unpaid, *Conner*, without resorting to a Court of law for the recovery of his debt, brought his bill in equity to have the benefit of his lien on the land. The defendant demurred to the relief prayed for, because the complainant had not shown in his bill that he had no adequate remedy at law. The Court overruled the demurrer, and gave a final decree for the complainant according to the prayer of his bill.

This was wrong. When the demurrer was overruled, the defendant ought to have been permitted to answer: and the Court

should have made an order to that effect. 3 Bl. Com. 446. In the case of *Evans* v. *Goodlet*, in this Court, a definitive decree was made on overruling the demurrer; but this was done with the consent and at the express request of the counsel, who informed the Court that they rested their case on the demurrer, and that if that were overruled they did not wish to answer (1). But this in the present case is unimportant, as the demurrer was improperly overruled. The doctrine is clear, that a vendor holds a lien on land sold, for the amount of the purchase-money; but this lien is not an original and absolute charge upon the land, but only an equitable right to resort to it, in case of failure of personal estate. 1 Harr. Ch. 280.—Sugd. Vend. 363.—2 Wash. 142. When a bill is brought for relief in equity, in a case in which the party has a full and complete remedy at law, the defendant may demur. 1 Harr. Ch. 282. In this case, there is nothing to show that the complainant below could not obtain his right, in the ordinary course of justice, in a Court of law.

*Per Curiam.*—The decree is reversed, with costs.

*Thompson* and *Naylor*, for the appellant.

*Nelson*, for the appellee.

(1) Ante, p. 246.