May Term,
1859.

SCOTT
v.
CRAWFORD.

---

### SCOTT *v.* CRAWFORD.

A complaint upon a promissory note executed for the purchase-money of real property, and praying for the enforcement of the vendor's lien against the

same, is sufficient under the code, without an averment that a judgment had been obtained upon the note in the ordinary form, execution issued thereon, and a return of "no personal property found," &c., or any equivalent averment.

In an action brought to enforce a vendor's lien upon a note given for the purchase-money of real property, a judgment directing the sale thereof, in the first instance, is erroneous, unless it appear from the record that the defendant had no personal property subject to execution out of which the judgment might be satisfied.

APPEAL from the *Miami* Court of Common Pleas.

HANNA, J.—A complaint was filed, in the usual form, upon a note. An answer was filed by one of the defendants, averring that neither of the defendants was a resident of *Miami* county at the commencement of the suit. On motion of the plaintiff, he thereupon had leave to amend his complaint, which he did by alleging that the note was given for part of the purchase-money of certain real estate in said county, and asking a judgment, and averring and praying the enforcement of his lien as vendor.

The defendant, *Nathan Crawford,* demurred to the complaint, which demurrer was overruled.

It is insisted that the complaint was defective in not stating that a judgment had been obtained, in the ordinary form, on the note, execution issued, and a return of no personal property found, &c., or some equivalent averment, of the want of personal property to satisfy the debt.

Whatever may have been the correct practice formerly, when the proceedings at law and in equity were separate, we think that now, under our present system of procedure, no such averment is necessary, although it would tend to simplify proceedings to make such averment where it could be done. There is no distinction made in the manner of proceeding to recover either legal or equitable rights. The modes of proceeding which were formerly distinct, are now blended into one, but, so far as the pleadings are concerned, partake more of the old chancery practice than that of legal forms; and upon the trial and mode of producing evidence, the manner of proceeding at law is, to a great extent, preserved.

The demurrer was properly overruled.

The defendant filed an answer of twenty paragraphs. Upon motion of the plaintiff, fourteen of the paragraphs were rejected and stricken out. The paragraphs thus stricken out, are not embodied in a bill of exceptions, and properly made a part of the record, so as to enable us to examine them. *Chrisman* v. *Melne*, 6 Ind. R. 488.

Two of the remaining paragraphs were withdrawn. Issue was taken upon the others; trial by the Court; finding for plaintiff for the amount due on the note, and that it was a lien upon the lot described. Motion for new trial overruled. Judgment on the finding, and "that said real estate, &c., or so much as may be necessary to pay, &c., be sold by the sheriff of *Miami* county for that purpose, without relief, &c.; and that any balance that may remain unsatisfied, after the sale of said lot, be levied of any property of said defendant, *Nathan Crawford*, subject to execution."

It is insisted that this judgment is wrong, because it directs the sale of the land in the first instance. This objection, we think, is well taken, under the pleadings in this case. If the complaint had alleged a want of other property to satisfy the claim, &c., and the answer had admitted, or the proof sustained, that averment, the form of the judgment might then have been right. In the absence of such averment in the complaint, there was no issue of that character to try; and the judgment should have been for the amount of the debt established, with the proper entry that it was a portion of the purchase-money for, &c., and that said land was subject to execution to satisfy the same in the event that other property of the defendant, subject to execution, could not be found, &c. The execution, and proceedings thereon, would have then been in the usual form. If other property of the defendant, subject to such execution, was not found by the officer, it would be his duty to levy upon said land, under the judgment of the Court in the premises.

*Per Curiam.*—The judgment for the amount of the debt, &c., and that it is a lien on the land named, is affirmed;

but so far as it directs execution, in the first instance, to be levied upon said land, it is reversed at the cost of the appellee.

*H. J. Shirk* and *J. Cavin*, for the appellant.