## JOHN H. WEBSTER *vs.* PARTHENA B. FOLSOM.

*Creditor of husband seeking to hold land conveyed to wife. Practice.*

If the creditor of a husband would hold land conveyed to the wife by a *bona fide* grantee of the husband, and paid for out of the property of the husband, he must do it by a bill in equity and not by a levy.

And it makes no difference that the husband's conveyance was made with a design, on his part, to defraud his creditors, and that the wife participated in such design, and joined in the deed for the purpose of releasing her right in dower.

The question of the admissibility in evidence, of certain answers in a deposition, cannot be presented to the full court unless the bill of exceptions contains a copy of such answers.

A provision, in the bill of exceptions, that the depositions "may be referred to, but not copied," is not sufficient.

BARROWS, J.   The demandant claims title by virtue of a levy made on the premises to satisfy a judgment obtained by him against Rufus H. Folsom, the husband of the tenant, upon a debt contracted in May, 1866.   In January, 1866, before the demandant's claim originated, and when, so far as appears, the husband was free from debt, he conveyed the land to one Eaton, who gave his promissory note for the agreed price thereof ($800) ; and the tenant joined in the conveyance to release her dower.   In February, 1867, after the commencement of the plaintiff's action against the husband, and the attachment of his real estate on *mesne process*, Eaton conveyed the land to the tenant, and received from her his note upon which nothing had been paid.   There was evidence tending to show that the conveyance was made by the husband with a design to defraud creditors, and that the wife participated in the design, and evidence to the contrary.   There was evidence tending to prove that Eaton, while he held the title, stated that he did not know whether he should pay for the place or not ; that if defendant and her husband wanted it back, he should let them have it, if they wanted him to keep it and pay the note he should do so.   The tenant and her husband and Eaton testified that the conveyance was made in good faith.

Hereupon the plaintiff claimed that the conveyance was in fraud of creditors ; or, if not so, that inasmuch as the consideration of Eaton's conveyance to the wife in February, 1867, after the debt to plaintiff was contracted, was the surrender of Eaton's note given to the husband for the land, that the land was paid for by the husband, and so was liable for his debt, and that the plaintiff could hold it by virtue of his levy : and he requested the court to instruct the jury, that if Folsom's conveyance was made with a design to defraud creditors, and the wife participated in such design, the conveyance can be impeached for the fraud, though Eaton, who received the conveyance, should not be found to have participated in the fraudulent design.   The presiding judge refused so to instruct, and held that the plaintiff could not recover if Eaton purchased in good faith, though the conveyance was made by Folsom and wife with fraudulent design.

Unless the purchaser, as well as the seller, of property alleged to be conveyed in fraud of creditors, is a partaker in such fraud, the sale cannot be avoided for that cause. If one purchases property in good faith, paying a reasonable consideration therefor, he acquires a good title to it whatever may have been the motives of the former owner in making the sale. We cannot make the case at bar an exception to this familiar rule, because the property has now gone back into the possession of the wife. *Non constat*, but she may have the warranty of an innocent purchaser to rely upon in support of her present title.

Moreover the jury found specially, that Folsom's conveyance was made in good faith and without any design to defraud creditors ; which seems to be fatal to the plaintiff's case in any view of it. The correctness of that finding is not here in question. There is no motion to set aside the verdict. The case is before us on exceptions only.

If we assume, as claimed by the plaintiff in argument, that there was no evidence that the husband had given this Eaton note to the wife before the debt, on which the levy was made, was contracted, and that, therefore, payment for the conveyance to the wife must be deemed to have been made with the husband's funds, still the plaintiff could not acquire title by his levy so as to enable him to maintain this action, because neither the legal estate, nor any remains of it (such as would sustain a levy and suit under § 13, c. 76, R. S.), were in his debtor when the debt was contracted or when the attachment and levy were made. The case finds that it had passed from him by a *bona fide* conveyance before the debt to the plaintiff was contracted. He then had no more interest or estate in it than as if he had never owned it. If now the plaintiff seeks to hold it in the hands of the wife, as having been paid for out of the husband's property, he must pursue his remedy in equity. *Low* v. *Marco*, 53 Maine, 45.

It is only when the legal title has once been in the husband, and has been conveyed by him in fraud of creditors, that a levy will avail to give a creditor such a seisin as will enable him to maintain

a writ of entry against the wife. The creditor can acquire no legal seisin by the levy, if before the attachment the title which the husband once had has passed from him by a *bona fide* conveyance, any more than he could in a case where the husband never has had a legal title. With such a finding as to the validity of the Eaton deed, the rulings with regard to the gift of the Eaton note by the husband to the wife, and the presence or absence of testimony to show such a gift, and to predicate the ruling upon, became purely immaterial so far as the maintenance of this suit is concerned.

The exceptions state that the questions and answers from No. 4 to No. 10 inclusive, in the deposition of Rufus H. Folsom, were admitted, subject to plaintiff's objection. In another part of the exceptions it is said that that deposition (among others) " may be referred to, but not copied." Whatever a party expects to have considered as part of the case, must be copied. We have nothing before us to show what the testimony deemed objectionable was. The presumption is that the rulings were correct. It is for the excepting party to show it if they were not so. Counsel cannot present in this court an objection to the admissibility of testimony by a naked reference to papers remaining on file in the court below.                                                     *Exceptions overruled.*

APPLETON, C. J.; KENT, DICKERSON, and TAPLEY, JJ., concurred.

*Webster, pro se.*

*E. Kempton,* for the defendants.