## SHANEFELTER ET AL. *v.* KENWORTHY.

PRACTICE.—*Motion to Strike Out.*—Where a complaint contained three paragraphs, each based on the same written instrument, and the court overruled a motion to strike out one of the paragraphs and a part of another because they made the complaint cumbersome and voluminous;

*Held,* that the ruling was not an error for which the judgment would be reversed.

VENDOR'S LIEN.—The holder of a written promise to pay money, which is shown to have been given by a purchaser of real estate for the purchase-money, has an equitable or vendor's lien on the real estate.

APPEAL from the Boone Circuit Court.

PETTIT, J.—The transcript in this case was filed in this court on the 28th day of December, 1870, before the present judges came into office on the first Monday of January, 1871, and has been out of the office of the clerk and in the possession of the attorneys of one or the other of the parties for about two years. The complaint is as follows :

"Thomas P. Kenworthy complains of Edward J. Shanefelter and William C. Bray, defendants, and says that on the 25th day of December, 1867, the defendants, in the name of Shanefelter & Bray, executed an instrument in writing, which was duly signed and stamped, and was agreed upon and intended by the parties thereto as a lien and equitable mortgage upon the following described property, in Boone county, State of Indiana, viz.: a part of the south-west quarter of the north-east quarter of section thirty-six, in township nineteen, range one west, commencing on the west line of said quarter section, at a stake in the center of the Crawfordsville state road, thence east in the center of said road thirty-seven rods, to the boundary line of the Lafayette and Indianapolis railroad, thence north-westerly with said railroad line thirty-nine rods and six feet to the said western boundary line of said south-west quarter of the said north-east quarter of said section, township, and range aforesaid, thence south nineteen and one-half rods, to the place of beginning, together with the steam flouring mill and all the machinery and fixtures belonging thereto, to this plaintiff,

to secure the payment of the sum therein named, to wit, two thousand and fifty dollars, with interest thereon from date, a copy of which instrument in writing is herewith filed and made a part hereof; that said mortgage was duly recorded in the office of the recorder of said county of Boone, on the 6th day of January, 1868 ; that there is yet due thereon the sum of sixteen hundred and eighteen dollars and fifty-two cents.

" Wherefore the plaintiff demands judgment for the sum of seventeen hundred dollars, a foreclosure of the mortgage aforesaid, and that the mortgaged premises, or so much thereof as may be necessary to satisfy said debt, interest, and cost, be sold and applied to the payment thereof, and for other proper relief.

" Par. 2. Said plaintiff further complains of the defendants, and says that on the 25th day of December, 1867, said defendants, by their promissory note, signed Shanefelter & Bray, a copy of which is filed herewith, promised to pay the plaintiff, one year thereafter, the sum of two thousand and fifty dollars ($2050.00), with ten per cent. interest ; that the said debt was for the purchase-money of the property therein described ; that there is now due and unpaid thereon the sum of sixteen hundred and eighteen dollars and fifty-two cents; wherefore the plaintiff demands judgment for seventeen hundred dollars, and prays that the same may be allowed a lien for purchase-money upon the property therein described, and for other proper relief.

" Par. 3. Said plaintiff, for further complaint herein, says that said defendants, on the 25th day of December, 1867, by their promissory note, a copy of which is filed herewith, promised to pay this plaintiff, one year thereafter, the sum of two thousand and fifty dollars, with ten per cent. interest from date ; that there is yet due and unpaid thereon the sum of sixteen hundred and eighteen dollars and fifty-two cents; wherefore the plaintiff demands judgment for seventeen hundred dollars, and for other proper relief."

COPY OF INSTRUMENT SUED ON.

" $2050.00.                    LEBANON, Ind., Dec. 25th, 1867.

One year after date, we, or either of us, promise to pay Thomas P. Kenworthy, the sum of two thousand and fifty dollars ($2050.00), with interest from date at ten per cent., without relief from valuation or appraisement laws; and this note is hereby made a lien on the following described real estate in Boone county, and State of Indiana, to wit: a part of the south-west quarter of the north-east quarter of section thirty-six (36), in township nineteen (19), range one (1), west, commencing on the west line of said quarter section, at a stake in the center of the Crawfordsville state road, thence east with the center of said road thirty-seven rods, to the boundary line of the Lafayette and Indianapolis Railroad, thence north-westerly with said railroad line thirty-nine rods and six feet (39 R. 6 ft.), to the said western boundary line of the said south-west quarter of the north-east quarter of said section, township, and range aforesaid, thence south nineteen and one-half (19½) rods to the place of beginning, together with the steam flouring mill and all the machinery and fixtures belonging thereto.                    SHANEFELTER & BRAY."

A motion was made to strike out a part of the first and all of the third paragraph of the complaint; this motion was overruled and excepted to. We think there was no error in this ruling which ought to reverse the judgment, because all three of the paragraphs of the complaint were on the same instrument, and the appellants were bound to take notice of its legal meaning; and the court's refusal to strike out a part of one and the whole of another paragraph of the complaint, because they made it cumbersome and voluminous, is not a sufficient reason for the reversal of the judgment.

The defendants filed the following answer:

" 1. The defendants, for answer to the first and second paragraphs of the complaint, say that, on the 9th day of February, 1870, they conveyed by deed of assignment the property described in said paragraphs, together with all and

singular their other personal and real property held by them as partners or otherwise, to James Nealis and James Coombs for the benefit of all their creditors; so that they have no interest in or title to the said property in the complaint mentioned; wherefore they demand judgment.

"2. The said defendants deny each and every allegation in the second paragraph of the complaint; wherefore they demand judgment for proper relief."

There was a demurrer for want of sufficient facts filed to the first paragraph of this answer, and although it is assigned for error that the court sustained the same, we are not able to find by the record that any ruling was had on it. Moses C. Culver, Edward L. Sinker, Daniel Yandes, and George B. Yandes were admitted as parties defendants, and filed their answer and cross complaint, which were stricken out on motion. They are not made a part of the record by being copied in a bill of exceptions, and we cannot take any further notice of them.

Afterward, the original defendants, Shanefelter and Bray, filed the following answer:

"The defendants come, and for answer to the first and third paragraphs of the complaint herein, say that they deny each and every allegation therein, and pray that the court may require proof of the said allegations in the said paragraphs of the said complaint, and for other proper relief."

Afterward, James Nealis and James Coombs, as assignees of the original defendants, Shanefelter and Bray, were made parties defendants, who answered that they, as such assignees of Shanefelter and Bray, sold the property in dispute at public auction, and now have the proceeds in their possession, and have no other interest in the property. No notice is taken of this answer in any form in the record. The case was tried by the court, and there was a finding for the plaintiff for one thousand seven hundred and thirty-five dollars, and that the instrument sued on is an equitable mortgage, and that the sum so found due is a specific lien on the property described in said instrument, and that

the equity of redemption ought to be foreclosed and the property sold to satisfy said sum and costs.

A motion for a new trial for these reasons was filed:

" 1. The finding of the court is contrary to law and is not sustained by sufficient evidence.

" 2. Error of law occurring at the trial, the sustaining of the motions of the plaintiff to strike out the answers of the defendants E. L. Sinker & Co. and the answer of Moses C. Culver."

This motion was overruled, and we cannot see why it was not properly done. If the instrument sued on was given for purchase-money, as stated in the second paragraph of the complaint, it was an equitable or vendor's lien on the real estate; and as the evidence is not in the record, we cannot say that the finding is not sustained by it.

As to the second cause for a new trial, as the answers are not legally before us, not being in a bill of exceptions, we cannot say that the court erred in striking them out.

Judgment was rendered on the finding for the amount of money, that the same was a lien on the realty, etc., and that if not paid, the property should be sold, etc.

We have bestowed great labor on the ill-made transcript, but we have not been able to find that the court below committed any error, for which the judgment should be reversed.

The judgment is affirmed, at the costs of the appellants.[*]

*A. J. Boone* and *R. W. Harrison*, for appellants.

[*]Petition for a rehearing overruled.