McCauley *et ux* v. Holtz.

## McCauley et ux. *v* Holtz.

Vendor's Lien.—*Complaint.*—*Evidence.*—*Promissory Note.*—*Judgment.*—In an action on a promissory note, and to enforce a vendor's lien on real estate for the amount thereof, brought by the vendor against the vendee, the complaint, to be sufficient, must allege, and the evidence on the trial must establish, that the vendee has no other property subject to execution, to authorize the relief prayed for in the first instance.

Same.—*Sale of both Real and Personal Property.*—*Application of Part Payment.*—Where, in the same transaction, sale is made of both real and personal property, for a sum in gross, and part of the purchase-money is paid, and a promissory note executed for the balance, without any direction by the grantee as to the application of such payment and without any application thereof by the grantor, the court may, in an action to enforce a vendor's lien for the amount of such promissory note, apply such payment to the discharge of the price of the personalty, and decree a vendor's lien against the real estate for the amount of the unpaid purchase-money due therefor.

From the Warren Circuit Court.

*J. McCabe* and *L. Reilly*, for appellants.

*J. M. Rabb*, for appellee.

Biddle, J.—This suit is brought by David, Holtz, against Alexander McCauley, on a promissory note made by him to Holtz, to recover judgment on the note and to enforce a vendor's lien against certain real estate, in part payment for which it is alleged the note was given.

Answer, general denial ; trial by the court ; finding for the appellee.

Over the usual motions and exceptions, the court rendered judgment for the amount of the note, and decreed the sale of the land to pay it, and, in default of its sufficiency, that execution issue for the balance.

Neither the complaint nor the evidence, which is all before us, will sustain this judgment as it is rendered. There is no averment in the complaint, that the maker of the note had no property subject to execution, nor is there any evidence in the case tending to support the fact. It

McCauley *et ux. v.* Holtz.

was therefore erroneous to decree the sale of the land to pay the debt, in the first instance.

The appellee thinks that the judgment is merely informal, and, as it was not objected to below, for that reason it cannot be questioned here; but we are of the opinion that the defect in the judgment is substantial, and that the error is properly presented. *Scott* v. *Crawford*, 12 Ind. 410; *Bowen* v. *Fisher*, 14 Ind. 104; *Stevens* v. *Hurt*, 17 Ind. 141.

As to the general doctrine of vendor's liens, consult the following authorities: *Evans* v. *Goodlet*, 1 Blackf. 246; *Bottorf* v. *Conner*, 1 Blackf. 287; *Lagow* v. *Badollet*, 1 Blackf. 416; *Brumfield* v. *Palmer*, 7 Blackf. 227; *Aldridge* v. *Dunn*, 7 Blackf. 249; *McCarty* v. *Pruett*, 4 Ind. 226; *Fisher* v. *Johnson*, 5 Ind. 492; *Amory* v. *Reilly*, 9 Ind. 490; *Dibblee* v. *Mitchell*, 15 Ind. 435; *Merritt* v. *Wells*, 18 Ind. 171; *Haugh* v. *Blythe's Ex'rs.*, 20 Ind. 24; *Case* v. *Bumstead*, 24 Ind. 429; *Johns* v. *Sewell*, 33 Ind. 1; *Fordice* v. *Hardesty*, 36 Ind. 23; *Shanefelter* v. *Kenworthy*, 42 Ind. 501; *Wasson* v. *Davis*, 34 Texas, 159; *Swain* v. *Cato*, 34 Texas, 395; *Sutton* v. *Sutton*, 39 Texas, 549.

The following facts, substantially, were stated by both parties in their testimony, and may be considered as undisputed:

The maker of the note purchased of the payee the real estate, a lien upon which is in question, and also a stock of liquors, two billiard tables, bar fixtures, furniture, etc., for the gross sum of two thousand five hundred and twenty-six dollars, one thousand nine hundred dollars of which was paid at the time the deed of conveyance was made, and the note of six hundred dollars, now in suit, was given for the balance, less twenty-six dollars which was paid after the note was executed. The real estate at the time of the sale was estimated at the value of one thousand six hundred dollars, and the personal property at

nine hundred and twenty-six dollars. At the time the payments were made, nothing was said by either party whether they should be applied to the payment of the real or personal property; and no such application was made by either party. The money was paid upon the whole debt.

Under this state of facts, the appellants contend that the payments should have been applied, first to the real estate, and the balance to the personal property, and thus discharge the vendor's lien; the appellee contends, as the appellants did not make any application of the money to either debt, at the time the payments were made, that he has the right to apply the payments, first to the discharge of the debt for the personal property, and the balance on the payment of the real estate, and thus preserve his vendor's lien for whatever may remain due.

We believe the following to be the true rule:

When the debtor owes his creditors upon several distinct debts, he has the right to direct his payments to either debt, as he chooses; but, if the debtor pays generally, without any such direction, then the creditor may apply the payment to either debt, as he chooses; if neither the debtor give such direction, nor the creditor make such application, the court will usually apply the payments, first to the debt having the most precarious security, or no security, or to the oldest debt. In other words, the law, in the latter class of cases, will make such application of the payments as justice between the parties most urgently demands. *King* v. *Andrews*, 30 Ind. 429, and the authorities there cited; *The Adams Express Co.* v. *Black, ante,* p. 128.

In this branch of the case we do not think the court erred.

The finding upon the note, and the finding that the amount is a lien upon the land, are correct.

The judgment decreeing the sale of the land first is erroneous, and therefore is reversed, at the costs of the appellees.

The cause is remanded with instructions,

1st.  To render judgment on the note, to be levied generally, as in other judgments ;

2d.  To decree the sale of the land to pay the amount of the lien, if the judgment cannot be levied in the usual course.