### IN THE

# SUPREME COURT OF JUDICATURE

#### OF THE

## STATE OF INDIANA,

### AT INDIANAPOLIS, NOVEMBER TERM, 1878, IN THE SIXTH-THIRD YEAR OF THE STATE.

———————•———————

## COGSWELL ET AL. *v.* THE STATE, EX REL. ALBERT, GUARDIAN.

GUARDIAN AND WARD.—*Complaint on Defective Bond.*—Merely formal defects in a guardian's bond may be cured by proper averments in a complaint thereon.

SAME.—*Relator.*—An action may properly be maintained on a guardian's bond, on the relation of his successor.

SAME.—*Bond on Sale of Ward's Realty.—Breaches.*—The failure of a guardian to loan moneys realized by him from the sale of his ward's real estate, the conversion of such money by him, and his failure to pay over and account for the same, are breaches of the bond executed by him to procure the sale.

SAME.—*Guardian's Reports Attacked Collaterally.* The correctness of reports made by a guardian, to the court, of the condition of his trust, may be attacked collaterally, in an action on his bond.

SAME.—*Judgment Against Surety.—Failure to Default Guardian.*—Where, in an action against a guardian and his sureties, on his bond, the sureties fail to object, at the time, to the rendition of judgment against them alone, on the ground that there has been neither an appearance nor answer by the guardian, nor any default taken against him, they can not afterward object on those grounds.

Cogswell *et al. v.* The State, *ex rel.* Albert, Guardian.

PRACTICE.—*Motion to Strike Out.—Bill of Exceptions.*—A ruling upon a motion to strike out parts of a pleading must be made part of the record by a bill of exceptions.

SAME.—*Trial without Issue.— Waiver.*—A trial by agreement of parties, without issue, is a waiver of an issue.

SAME.—*New Trial.—Motion for, When Made.—Record.—Supreme Court.*—A motion for a new trial must be in writing, and must be filed at the term at which the finding or verdict is rendered.

EVIDENCE.—*Nunc Pro Tunc Entry.*—A *nunc pro tunc* entry of record, made upon proper notice and evidence, is competent evidence of the facts it recites.

From the Orange Circuit Court.

*J. W. Buskirk* and *H. C. Duncan,* for appellants.

*W. W. Spencer, S. K. Wolfe* and *A. Stephens,* for appellee.

PERKINS, J.—Suit upon a guardian's bond, dated and approved on the 4th day of June, 1868, signed by Luke B. Cogswell, principal, and Thomas Hunt and Henry H. Polson, sureties, and conditioned. "that, as the above bound Luke B. Cogswell, guardian of the minor heirs of Stephen Foster, deceased, has been ordered by the court of common pleas of Orange county to sell all the real estate of the said —————————; now, if the said Luke B. Cogswell will faithfully discharge the duties of his trust according to law, then the above obligation to be void, else to remain in full force in law."

Said bond was operative as security for the acts of said Cogswell, as guardian, till the 29th day of January, 1872, at which date he, under the provisions of law therefor, filed a new bond.

It is alleged in the complaint, " that said bond is informal, in omitting from the condition upon which the same shall become void the words, 'and the faithful payment and accounting for all moneys arising from such sale, according to law.'" It is also averred, that said bond was " duly approved."

The breaches of the bond, averred in the complaint to have been committed, are :

" 1st.   That, between the date when said bond was executed, and said 29th day of January, 1872, said guardian failed to loan said money, as he had the opportunity of doing, to solvent persons with solvent surety, so as to cause the same to accumulate interest, at the rate of ten per cent. per annum, thereby losing, and damaging said wards' estate in the sum of, five thousand dollars.

" 2d.   That, between the date when said bond was executed and the 29th day of January, 1872, when said new bond was filed as aforesaid, said Cogswell converted the whole of said moneys and interest derived from the sale of said wards' real estate, to his own private and individual use.

" 3d.   That said Cogswell has not faithfully discharged his duties as such guardian, with reference to said fund or moneys received by him from the sale of said real estate, by the faithful payment and accounting for the same, according to law."

A demurrer for want of facts, and for want of legal capacity in the relator to sue, was overruled, and exception entered.   The relator was a guardian subsequently appointed to succeed the guardian sued.

A motion was made to strike out parts of the complaint. It was overruled, and exception entered.   But no bill of exceptions was filed.

At the succeeding term, the cause, by agreement, was tried by the court, and a finding made for the plaintiff, in the sum of two thousand and sixty-six dollars and thirty-eight cents, to which was added two hundred and six dollars and sixty-two cents, and the cause was continued. At the next term, a motion for a new trial was filed and overruled, and judgment entered on the finding.

Two of the defendants only, Hunt and Polson, appeal, and they assign as errors :

1.   The overruling of the demurrer to the amended complaint ;

2. The overruling of the motion for a new trial;

3. The trying of said cause without an answer;

4. The rendering of judgment in said cause as it was rendered;

5. The judgment rendered was erroneous;

6. The complaint did not state a cause of action;

7. " The judgment of the said Orange Circuit Court was and is erroneous, in this, to wit, that there was no appearance for, or answer filed by, Cogswell, and no default was taken against him on which judgment could be rendered; and the said Hunt and Polson, being the sureties only of Cogswell, no judgment could be properly rendered against them."

The demurrer to the complaint was correctly overruled. The complaint contained a cause of action, *Colburn* v. *The State, ex rel.*, 47 Ind. 310; and was brought by the proper relator. 2 R. S. 1876, p. 592, sec. 13, and notes. It was not attacked by motion to make more certain; and overruling motions to strike out are harmless errors. *Shanefelter* v. *Kenworthy,* 42 Ind. 501.

As to overruling the motion for a new trial.

The grounds of the motion were:

1. Refusal of the court to strike out certain items of evidence;

2. Permitting the plaintiff to attack collaterally the reports of Cogswell as guardian;

3. Admitting certain items of evidence;

4. Errors in arriving at the amount charged against the defendant;

5. The finding of the court was contrary to law and the evidence;

6. The finding of the court was joint, and should have been several, showing the amount due to each heir.

Counsel for appellant, in their brief, insist upon the second ground for a new trial; but the incorrectness of that

ground is established by the case of *Lowry* v. *The State, ex rel.*, 64 Ind. 421.

He also claims, that the court erred in admitting in evidence a certain *nunc pro tunc* record entry. That entry was made on due notice, upon hearing evidence, by the court, and we see no reason why it was not properly admitted in evidence. No objection to its admission appears to have been pointed out to the court. Many other objections are made, but they are met by the later decisions of this court, relative to the rights, duties and liabilities of guardians. Among them, *Bescher* v. *The State ex rel*, 63 Ind. 302, in connection with the cases above cited, and those cited in 2 R. S. 1876, p. 585, *et seq.*, under the title of guardian and ward.

As to the other errors assigned, we briefly notice them.

A trial by agreement of parties, without an issue, is a waiver of an issue.

The complaint states a cause of action. *Covey* v. *Neff*, 63 Ind. 391 ; *The State, ex rel.*, v. *Sanders*, 62 Ind. 562 ; *Voris* v. *The State, ex rel.*, 47 Ind. 345 ; *Hudson* v. *The State, ex rel.*, 54 Ind. 378.

. The judgment in the cause was properly rendered. 2 R. S. 1876, p. 592, sec. 13, note 2.

Cogswell has not appealed from the judgment against him, and the sureties made no such objection to the judgment or its rendition against them, as is stated in the seventh assignment of error. No available error is shown. *Doherty* v. *Chase*, 64 Ind. 73.

But we have already spent more time upon this case than, in the state of the record, we were required to. As we have seen, there is no bill of exceptions in the record, nor is the motion for a new trial.

A motion for a new trial in civil cases must be in writing, and must be filed at the term the verdict or finding of the court is rendered or made. 2 R. S. 1876, p. 183 ;

*Greenup* v. *Crooks*, 50 Ind. 410 ; *Wilson* v. *Vance*, 55 Ind. 394; *Myers* v. *Jarboe*, 56 Ind. 57 ; *Hinkle* v. *Margerum*, 50 Ind. 240.

The judgment is affirmed, with costs.