### No. 8824.

### EVANS ET AL. *v.* FEENY ET AL.

VENDOR AND PURCHASER.—*Vendor's Lien.*—*Complaint.*—*Deed.*—In a complaint to recover purchase-money of real estate and to establish a vendor's lien, an averment that the purchaser has no other property subject to execution is unnecessary, and if the vendor has not conveyed to the purchaser, the absence of an averment that a deed has been tendered is an objection which can be made only by the purchaser.

SAME.—*Lien.*—*Judgment.*—*Sheriff's Sale.*—A judgment against a purchaser of real estate having no conveyance, and there being no fraud, is not a lien upon the real estate, and a sale on execution issued on such judgment vests no rights in the purchaser.

JUDGMENT.—*Practice.*—*Supreme Court.*—Objection to the form of a judgment can not be made, for the first time, in the Supreme Court.

From the Marion Circuit Court.

*C. C. Nave, J. V. Hadley* and *C. A. Nave,* for appellants.

*J. B. Julian* and *J. F. Julian,* for appellees.

FRANKLIN, C.—Appellee William Feeny sued Wade H. Evans and wife, Peter Feeny and wife and Polly A. Brown. The pleadings are too voluminous to copy, but are substantially as follows: The complaint avers that, on the 15th day of September, 1873, the plaintiff purchased of said Evans certain lands, and received from him a title-bond for a deed for the same; that on the 5th day of August, 1875, he sold by parol said lands to said Peter Feeny, and received his three several promissory notes in part payment therefor, which notes are sued upon; that he then placed said Peter in the possession of said lands, who has continued to occupy and improve the same; that on the 30th day of May, 1878, said Evans and wife conveyed by warranty deed said lands to the plaintiff; that said Evans and Brown afterwards purchased said lands at a sheriff's sale, as the property of said Peter Feeny. The complaint then contains a prayer for judgment upon the notes, and that it be declared a lien upon the lands for its payment.

After the commencement of the suit, Peter Feeny conveyed by quitclaim deed all his interest in the lands to Charles

Heshion, who, upon petition, was admitted as a defendant in the case, and filed a cross complaint, setting up his claim to the lands. Evans and Brown also filed a cross complaint setting up their interest and claim to the lands. There were also denials filed by the various parties; after demurrers were overruled to the complaint and cross complaints, the case was finally put at issue, and submitted to the court for trial. At the request of the parties the court made a special finding, and stated its conclusions of law in favor of appellee and Heshion.

Appellants Evans and Brown moved for a new trial, which was overruled. They then moved in arrest of judgment, which was also overruled. Proper exceptions were reserved to all the foregoing rulings, and the conclusions of law. Appellants Evans and Brown appealed the case to this court, have assigned errors and served the proper notice upon the other parties. Heshion has appeared in this court and filed a brief, asking that the judgment below be affirmed as to him. There has been no appearance or brief filed on the part of appellee. We will, therefore, consider the questions in the order of appellants' brief.

The objection to the complaint presented under the demurrer is, that it contained no averment that Peter Feeny had no other property subject to execution; and, in support of this objection, we are referred to the case *McCauley* v. *Holtz*; 62 Ind. 205. In that case, we have the following general statement: "There is no averment in the complaint, that the maker of the note had no property subject to execution, nor is there any evidence in the case tending to support the fact. It was therefore erroneous to decree the sale of the land to pay the debt, in the first instance."

We do not think this decision will bear the construction claimed by appellants' counsel. The error decided by it was in the judgment, and not in the complaint. There was no question presented in that case as to the sufficiency of the complaint, although it contained no averment of this kind. The

converse of that decision is, if the complaint had contained this averment, or if the proof had sustained the judgment, to order the property sold in the first instance would not have been erroneous. A party has a right to have his vendor's lien declared, whether the vendee has personal property or not. It is a lien that runs with the land for the purchase-money. *Johns* v. *Sewell*, 33 Ind. 1; *Shanefelter* v. *Kenworthy*, 42 Ind. 501. And where the vendor retains the title in his hands, the lien is the same as a mortgage, that will not be waived by the taking of other security. *McCaslin* v. *The State, ex rel. Evans, Auditor of State*, 44 Ind. 151. But if the evidence does not show that the vendee had no personal property subject to execution, in executing the declared lien the judgment should require the vendee's personal property to be exhausted before selling the land. It is not necessary to the validity of a complaint that it should contain such an allegation of the want of other property. *Stelzer* v. *LaRose*, 79 Ind. 435.

As to the objection that the complaint contained no averment of the tender of a deed for the land to Peter Feeny before the bringing of the suit, Peter alone would have a right to urge it. Appellants' rights were in no way affected by the want of such an averment.

There was an allegation that appellee was willing and ready at any time to make the proper deed to whomsoever it was properly going, upon the receipt of the balance of the purchase-money. There was no error in overruling the demurrer to the complaint.

The second error complained of is the overruling of the motion in arrest of judgment.

The same questions are presented in this motion that have been considered on the demurrer to the complaint, and for the reasons already stated, there was no error in overruling this motion.

The third question is upon the ruling of the court on appellants' demurrer to Heshion's cross complaint. The objec-

tions to this cross complaint are, that. the deed from Peter Feeny to Heshion was made after the commencement of this suit, and was not recorded within forty-five days after its execution. Under these objections, we are referred to the sections of the statute upon the subject of recording deeds, and a number of decisions of this court upon the subjects of joint tenancy and survivorship.

Appellants do not claim to be subsequent purchasers without notice and in good faith before the recording of the deed, and we can not see upon what principle these provisions of the statute, or the decisions named, can have any effect upon the case at bar. The deed was good between the parties without being recorded. We see no error in overruling the demurrer to Heshion's cross complaint.

The fourth question presented is, that the court erred in its conclusions of law upon the special facts found.

The special findings are as follows:

"On the 5th day of August, 1875, the plaintiff William Feeny and the defendant Peter Feeny made a trade of certain land, Peter conveying to William 40 acres, at $60 per acre, and William contracting to convey to Peter the 55½ acres described in the complaint, to be paid for at the rate of $50 per acre. Upon the payment to William of the difference in the agreed value of the two tracts, William put Peter in possession of the land traded to him, taking his notes for the balance of the unpaid purchase-money, and he has remained in possession ever since, making improvements upon the land to the value of $500. At the time of the trade William had not the legal title to the land traded to Peter, holding a title-bond therefor, from the defendant Wade H. Evans.

"Afterwards, to wit, on the 10th day of May, 1878, Evans and wife conveyed the land by warranty deed to plaintiff William Feeny, who still holds the legal title as security for the unpaid purchase-money, evidenced by three notes, sued upon in this case, which are due and unpaid.

"At the June term, 1877, of the Hendricks Circuit Court,

the defendant Wade H. Evans recovered a judgment against defendant Peter Feeny and John and Valentine Moran for the sum of $507.45 and costs, with ten per cent. interest thereon; and at the same term defendant Polly Ann Brown recovered a judgment against defendant Peter Feeny and Valentine Moran for the sum of $208.95 and costs. On the 29th day of January, 1878, execution issued on said judgment to the sheriff of Hendricks county, and on the 1st day of June, 1878, execution also issued on said Evans judgment; and said sheriff levied said writ upon the said real estate described in the complaint, as the property of Peter Feeny. And on the 29th day of June, 1878, after legal notice, sold the same, or all the right, title and interest of said Peter Feeny therein, to the said Wade H. Evans and Polly Ann Brown for their bid, to wit, $531.25, they being the highest bidders, and at the expiration of one year, to wit, on October the 3d, 1879, executed to said Evans and Brown a deed therefor in due form of law. On the 2d day of June, 1879, Peter Feeny and wife quitclaimed the land in question to the defendant Charles Heshion, the father-in-law of Peter, for the nominal consideration of $2,500, but in reality as security for certain indebtedness due from Peter to said Heshion, and other liability as security for said Peter by said Heshion, the exact amount not being shown by the testimony.

"By the terms of the trade between plaintiff and Peter Feeny, Peter was to pay taxes on the land after being placed in possession. He allowed the taxes for 1876 to become delinquent, and plaintiff paid the same, Dec. 21st, 1877, $10.98; he also allowed the taxes for 1877 to become delinquent, and plaintiff paid the same June 7th, 1878, $29.07.

"That there is due the plaintiff from the defendant Peter Feeny, on account of unpaid purchase-money, the sum of $357.07, and on account of said taxes paid by plaintiff, the sum of $40.05.

"And as conclusions of law from the facts as found, the court finds:

Evans *et al.* *v.* Feeny *et al.*

" 1st. That the plaintiff is entitled to a judgment against the defendant Peter Feeny for the sum of $397.12.

" 2d. That said sum is a first lien upon the real estate described in the complaint, and that said land is subject to sale to satisfy said lien.

" 3d. That the judgments of the defendants Wade H. Evans and Polly Ann Brown were never a lien upon said real estate.

" 4th. That the sale by the sheriff to the defendants Evans and Brown, under their judgments against Peter Feeny, passed no title or interest in said real estate to said defendants Evans and Brown, and they have no interest therein at this time.

" 5th. That the quitclaim deed by Peter Feeny and wife to the defendant Charles Heshion is, in legal effect, a mortgage, and subject to the prior lien of plaintiff for said purchase-money and taxes."

The objection to the conclusions of law is, that the finding is not sustained by the evidence. This objection might be urged under the motion for a new trial, but is no reason for sustaining the exception to the conclusions of law. Upon this reason there was no error in the court's overruling the exception.

The fifth alleged error, complained of, is the overruling of appellants' motion for a new trial. And the objections urged against the ruling of the court upon that motion are: That there was no evidence given on the trial that Peter Feeny had no other property subject to execution, and that appellants had notice of the supposed lien of William Feeny. Peter Feeny testified that he was unable to pay appellee's notes. Charles Heshion testified that he had furnished Peter Feeny all that he had had for some time. We think this evidence tended strongly to show that Peter Feeny had no other property subject to execution. And as to notice to appellants of appellee's claim, Evans had made the deed to appellee; it was on record. There was no deed of the land to Peter Feeny

on record; there was none in existence that appellants could have actual notice of; the record was sufficient notice to appellants that the title was yet in appellee, and they were bound to take notice of whatever interest in, claim to, or lien upon the land appellee might have.

Under the motion for a new trial it is further urged that the introduction in evidence of the deed from Peter Feeny to Charles Heshion was erroneous. This deed had been regularly recorded before the trial, and the original deed, or the record thereof, was competent evidence on the trial.

It is further insisted that error was committed upon the trial by admitting the testimony of Patrick C. Leary. This testimony was in relation to a conversation between witness, Peter Feeny and Charles Heshion, and was while negotiating for the deed from Peter to Heshion, and was in relation thereto, and, as a part of the transaction, was admissible testimony.

The evidence supported the finding, and the finding is not contrary to law. There was no error in overruling the motion for a new trial.

It is further insisted that the judgment is not in the proper form. There was no motion made in the court below to change or modify the form of the judgment, or any exception taken to its rendition. This question can not be raised for the first time in this court; it is waived by not having been presented to the court below.

We see no available error in this record. The judgment below ought to be affirmed.

Per Curiam.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and the same is, in all things affirmed, with costs.

## On Petition for a Rehearing.

Franklin, C.—Appellants, in their petition for a rehearing, insist that the court erred in holding that the judgments of Evans and Brown were not liens upon the real estate in

controversy, and that it could not be sold under executions upon said judgments.

William Feeny held the legal title to secure the payment, of the balance of the purchase-money, and was ready and willing to convey whenever that was paid. There had been no fraudulent conveyance from Peter Feeny, and none had been made by William to any third party, nor did he hold the title in trust for Peter. The conveyance by Peter of his interest in the land to Heshion was to secure a good-faith indebtedness. William Feeny held the legal title as a mortgage, and Heshion held his conveyance as a second mortgage. There was no fraud shown to exist in the transaction. . And, under such circumstances, the judgments of Evans and Brown against Peter created no lien upon the land, and it was not subject to sale under executions issued upon said judgments, without first applying to a court of equity and making Peter Feeny's interest in the land subject to the payment of said judgments. *Modisett* v. *Johnson,* 2 Blackf. 431; *Gentry* v. *Allison,* 20 Ind. 481; *Jeffries* v. *Sherburn,* 21 Ind. 112; *Terrell* v. *Prestel,* 68 Ind. 86; *Howe* v. *Bishop,* 3 Met. 26; *Williams* v. *Council,* 4 Jones (Law) 206; *Bauskett* v. *Holsonback,* 2 Rich. (S. C.) 624; *Doe* v. *McKinney,* 5 Ala. 719; *Wilson* v. *Beard,* 19 Ala. 629; *Smith* v. *Hinson,* 4 Heisk. 250; *Low* v. *Marco,* 53 Me. 45; *Webster* v. *Folsom,* 58 Me. 230; Freeman Executions, sec. 136, and authorities therein referred to.

In the case at bar, we think there was no error in holding that the said judgments were not liens upon the land, and that no title passed to appellees by the sale of the land. The petition for a rehearing ought to be overruled.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the petition for a rehearing be and the same is overruled, at appellants' costs.