# CHARLESTON

STAMPFLE *v.* BUSH *et al.*

Submitted June 15, 1911.    Decided January 28, 1913.

1. JUDGMENT—*Vacation—Time for Proceeding.*
   A judgment duly rendered by a court of record having jurisdiction of the parties, upon an appeal from a justice, imports a verity, and can not be impeached, vacated or annulled except during the term at which it is entered, and thereafter only for cogent reasons. (p. 662).

2. MOTIONS—*Nunc Pro Tunc Orders—Operation.*
   While a *nunc pro tunc* order is retroactive, the court may look to it. as of the date of the entry, to ascertain the particulars in which it varies from the former order, and, if variant, determine from it the actual facts therein recited. (p. 661).

3. PARTNERSHIP—*Death of Partner—Judgment Against Surviving Partner.*
   A judgment against a surviving partner in effect binds the social assets of the partnership under his control, and is enforcible by execution. (p. 662).

ROBINSON, JUDGE, absent.

Error to Circuit Court, Taylor County.

Action by Jacob Stampfle against Theodore Bush and others. Judgment for plaintiff, and defendants G. W. Brown and another bring error.

*Modified and Affirmed.*

*Warder & Robinson,* for plaintiffs in error.

*Chas. P. Guard* and *S. H. Sommerville,* for defendant in error.

LYNCH, JUDGE:

This action is before us upon a writ of error to the judgment of the circuit court of Taylor county. It originated before a justice, who rendered judgment against Theodore Bush and George W. Brown, partners under the firm name of Bush & Brown. Bush applied for and obtained an appeal to the circuit court, upon giving bond and security.

On February 5, 1909, the circuit court entered an order

reciting in substance the appearance of the plaintiff by his attorneys (naming them) "and the *defendant* by Jed W. Robinson, of the law firm of Warder & Robinson, *their* counsel", the death of defendant Bush, and states that "by agreement of parties the judgment of the justice herein is affirmed as against the surviving partner, defendant George W. Brown," and concluding with a judgment against Brown, surviving partner of Bush & Brown, and the surety on the appeal bond, for the same amount as the judgment of the justice.

On February 9th Jed W. Robinson made an affidavit, stating in substance that "the defendant for whom he appeared in the judgment order of February 5th was the defendant Bush and for and on behalf of his estate," and for no other person; that the order was prepared, as he is informed, by counsel for the plaintiff, and not submitted to him, nor was it (the judgment) entered with his knowledge or consent, but "in the absence of said George W. Brown in person or by counsel".

On February 12th an order was entered, showing that "this day came the judgment defendants herein by Warder & Robinson, their attorneys, and moved the court to set aside the judgment rendered herein at a former day of this term, and asked leave to file the affidavit of Jed W. Robinson in support of said motion, which affidavit is accordingly filed; and the court takes time to consider the motion to set aside said *motion."*

On the following day the final order was entered in the case, as follows: "This day came as well the plaintiff in person and by Sidney H. Sommerville and C. P. Guard, his attorneys, and moved the court to set aside and vacate the order heretofore entered herein on the 5th day of February, 1909, on the grounds that said order does not conform to the facts as they then existed; upon consideration whereof the court sustains said motion, and doth hereby vacate and set aside said order; and the court, now proceeding to enter such order as should have been entered at that time, doth order as follows, now as of then: This day came as well the plaintiff in person and by Sidney H. Sommerville and C. P. Guard, his attorneys, and the *defendant* by Jed W. Robinson, *his* attorney; and whereupon a jury in this cause was called and sworn, at which time the *defendants* by Jed W. Robinson, *their attorney,* suggested the death of

Theodore Bush, one of the defendants, and the plaintiff thereupon elected to proceed against G. W. Brown, the surviving partner of Bush & Brown, and thereupon by agreement of parties herein, in consideration of the dismissal by the plaintiff of the civil cause of Jacob Stempfle against Theodore Bush then pending on the court docket, it is agreed and consented to by the parties herein that the judgment of the justice entered in this cause shall be entered as the judgment of this court against the said G. W. Brown, surviving partner of the firm of Bush & Brown. It is therefore considered by the court that the plaintiff recover of and from the defendant G. W. Brown, surviving partner of Bush & Brown, and from Ira E. Robinson, surety on the appeal bond, the sum of three hundred  dollars,  with damages at the rate of ten per cent. in lieu of interest from the date of said judgment, and his costs in his behalf expended and the costs before the justice".

It will be noted that Robinson's affidavit is directed against the validity of the order entered February 5th. This order recites the appearance of plaintiff by his attorneys "and the *defendant* by Jed W. Robinson, of the law firm of Warder & Robinson, *their* counsel", and the agreement of the parties that the judgment of the justice be affirmed as against Brown, surviving partner; the order of February 12th recites the appearance of the "judgment *defendants* herein by Warder & Robinson, their attorneys"; and the final order the appearance of plaintiff in person and by attorney, and "the *defendant* by Jed W. Robinson, *his* attorney, and the agreement and consent by the parties that the judgment of the justice shall be entered as  the  judgment of this court against the said G. W. Brown, surviving partner of the firm of Bush & Brown". Do these recitals show, in the absence of proof to the contrary, the appearance of the defendant Brown and his agreement and consent to the entry of a judgment against him in the form it was entered on February 13th? No assault is made against the validity of the  judgment  of February 12th, unless the assault on the prior judgment can inferentially be deemed an assault upon the substituted judgment.

Of course, the general rule is that the former order is effectually eliminated by the second order, and that the latter expresses

the judicial intent and purpose respecting the subject matter sought to be affected, as of the prior date.    It is retroactive; but to its recitals the court must direct its attention, in order to ascertain what occurred on the day of its actual date, should the recitals of the orders vary.   In *Bush* v. *Bush,* 46 Ind. 70, 75, a case amending a *nunc pro tunc* order of prior   date   to show an appearance inadvertently omitted from the first, it is said: "We shall for the purposes of that case have to regard the record as amended and showing an appearance on the part of appellant, unless we find the amendment was improperly made"; that "a *nunc pro tunc* entry is made as of the time the proceedings of the court actually took place, and becomes a part of the entry of that date, the same as if entered then".   "A *nunc pro tunc* entry of record is competent evidence   of   the   facts   it recites".   *Cogswell* v. *State,* 65 Ind. 1.   "For the purpose of the statute of limitations the date of the entry of a judgment *nunc pro tunc* is the date of the order of such entry, and not the date as of which the judgment is ordered to take effect". *Birer* v. *Chapman,* 119 U. S. 587, 30 L. ed. 532.

We are of opinion, therefore, that the two orders, read together, show a sufficient appearance for Brown to authorize the circuit court to enter, as it did enter, judgment against him, and that such judgment is valid and binding upon him.

It is true, as a general rule, that one partner can not confess or consent to a judgment binding upon his associates, in the absence of express authority for that purpose.   But a surviving partner can confess judgment, and can by attorney assent to a judgment against him, so as to bind him personally; and such judgment is enforceable by execution against the firm   assets under his control as surviving partner, and against his individual personal property in the absence of social   assets.    He   may properly pay the judgment out of either fund, and reimburse himself out of the social assets if sufficient, and if insufficient he may pay it out of his own funds.    If he pays it out of his own funds he may, in equity, proceed against the estate of the deceased partner and seek reimbursement to the extent of one half of the amount paid by him.   He is the sole representative of the firm, and as such has full control of its assets and business to collect debts due to it and discharge its liabilities.    These

propositions find support in the following authorities: Code 1906, ch. 99, § 13, serial § 3451; *Carter's Exr.* v. *Currie,* 5 Call 158; *Sale* v. *Dishman's Ex'rs.,* 3 Leigh 548; *Smith* v. *Zumbro,* 41 W. Va. 623; 10 Enc. Dig. (Michie) 870, 872, and cases cited.

The plaintiffs in error also complain because the judgment does not accord with the agreement of parties, in that the judgment of the justice demanded interest from date, while that of the circuit court demanded damages at ten per cent. annually from the same date in lieu of interest. The error exists; and, following *Jenkins* v. *Montgomery,* 69 W. Va. 800, and *James* v. *Piggott,* 70 W. Va. 435, the judgment is corrected to conform to the agreement of the parties, and, as corrected, it will bear interest at six per cent. per annum from the date of the judgment of the justice.

It is further urged as error that judgment against the surety on the appeal bond was improper in any event. There is some merit in this position. True, Bush and the surety alone executed the appeal bond; but the undertaking of the obligors is that "if the above named *Bush & Brown* will pay any judgment and all costs which may be rendered against *him* * * * on such appeal, this obligation to be void, otherwise to remain in full force". The bond is unskilfully drawn. But by subsequent acts of parties in the taking of depositions, and the joint appearance of defendants in the circuit court contesting plaintiff's claim and for other purposes, it is apparent that they and the court deemed the appeal as one effectually vacating the judgment of the justice and as ultimately depending upon the result of a *de novo* trial in the circuit court. That is a reasonable view, and apparently adopted by the parties, and followed upon the present hearing. "Appearance to answer the action by a defendant is equivalent to personal service". Code 1906, ch. 50, § 33, serial § 1784. "In all cases of appeal from a justice to a circuit court the court shall make any order during the progress of the cause which the principles of law and equity shall require, and shall render judgment as the right shall appear." Code 1906, ch. 50, § 173, serial § 2124.

Effectuating the purpose of these liberal enactments, construed in the light of the conduct of the parties, and for reasons

assigned, we find no error in the record.    As modified, the judgment is affirmed.

*Modified and Affirmed.*