### ELIZABETH MONKS *vs.* MARY DESLANDES.

#### JULY 9, 1915.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1) Trespass and Ejectment.*

An action in ejectment will not lie against a defendant who makes no claim of title to and who has conveyed the *locus* prior to the commencement of the action.

*(2)  Fraudulent Conveyances.*

Under Gen. Laws, cap. 253, § 1, relative to fraudulent conveyances, creditors may treat the title as in the fraudulent grantor, and the land is subject to judgment and execution in an action at law.  In such matters the jurisdiction of the courts of law and equity is concurrent, and a purchaser at execution sale may maintain ejectment to obtain possession of the land.

*(3)  Fraudulent Conveyances.   Land Paid for by Fraudulent Debtor.*

Lands fraudulently paid for by a debtor, the legal title to which has been taken in the name of another, cannot be reached by levy of execution upon a judgment at law in favor of a creditor.   The fraudulent conveyance intended by Gen. Laws, cap. 253, § 1, is a fraudulent conveyance by the debtor.   Such a purchase by the fraudulent debtor gives to the creditor a right in equity to follow and reach the equitable assets of the debtor.

*Tucker* v. *Denico,* 26 R. I. 560, limited.

TRESPASS AND EJECTMENT.  Heard on exceptions of plaintiff and sustained in part.

SWEETLAND, J.   This is an action of trespass and eject-ment to recover possession of three parcels of land, all situated in Providence and described in said declaration. The case was tried before a justice of the Superior Court sitting with a jury.   At the conclusion of the testimony said justice directed a verdict for the defendant to which action of said justice the plaintiff excepted; and the case is before us upon said exception

It appeared in testimony that the plaintiff in this case was a judgment creditor of one Damase Deslandes, husband of the defendant; that upon said judgment an execution had issued and been levied upon said three parcels of land de-scribed in the declaration and said land had been sold under said levy; that the plaintiff was the purchaser at said execu-tion sale and had received sheriff's deeds for said land; that prior to the obligation from said Damase Deslandes to this plaintiff which was the basis of her judgment against him, said Damase Deslandes had been the owner of said three parcels of land, which can be conveniently designated as land on Waldo street, land on Huntington avenue, and land on Dike street.  The plaintiff claimed that after said obligation which was the foundation of her judgment arose

to the plaintiff from Damase Deslandes, but before said execution sale to her, said Damase Deslandes by fraudulent conveyances and by the following fraudulent transactions had placed the record title to said three parcels of land in the defendant for the purpose of hindering and delaying the plaintiff as the creditor of said Damase Deslandes.

The plaintiff claimed that on January 27th, 1911, said Damase Deslandes made a fraudulent conveyance by quit-claim deed of said land on Waldo street to one Tetreault, who on the same day in furtherance of said fraud made a conveyance by quitclaim deed of said land to this defendant.

It appeared that on April 29th, 1911, the defendant purchased at sheriff's sale the land on Huntington avenue and the land on Dike street; and received sheriff's deeds for the same on May 6th, 1911. Said sheriff sale was by virtue of levies made by the sheriff under writs of execution issued upon judgments which the State of Rhode Island had obtained against said Damase Deslandes in three writs of *scire facias* upon defaulted recognizances. The plaintiff does not claim that said sheriff's sales were fraudulent; but that said Damase Deslandes furnished to his wife the money to purchase said lands at said sheriff's sales, and that his wife, this defendant, now holds said two parcels of land in her name for him in order to fraudulently conceal the same from the creditors of Damase Deslandes. It further appeared that on August 3rd, 1911, the said defendant, Mary Deslandes, conveyed the land on Huntington avenue by quitclaim deed to Oreance Leveillee and Laura Leveillee, his wife; and that since the date of said conveyance Oreance Leveillee and his wife have been in the possession of the same.

(1)  This suit is against Mary Deslandes alone. She makes no claim of title to and she has not been in possession of the land on Huntington avenue since August 3rd, 1911, about two years before the commencement of this suit. The plaintiff therefore can not maintain this action of ejectment against the defendant as to the second named parcel of land, *i. e.*, that upon Huntington avenue.

It appeared in evidence that the land on Waldo street was conveyed to this defendant from said Damase Deslandes through said Tetreault in such circumstances as to fairly raise the question of fraud with reference thereto. Under our statute regarding fraudulent conveyances, Chapter 253, § 1, General Laws, 1909, such a conveyance made with (2) intent to delay, hinder or defraud creditors shall be deemed and taken to be clearly and utterly void, with the provision that said section shall not apply as against a *bona fide* purchaser, mortgagee, lessee or other taker for value without notice. It has been held that under said statute creditors may treat the title as still in the fraudulent grantor unaffected by the fraudulent conveyance; that the land so conveyed is subject to judgment, and execution in an action at law; that in such matters, the jurisdiction of courts of law and equity is concurrent; and that the purchaser at such execution sale may maintain ejectment to obtain possession of the land. *Carroll* v. *Salisbury*, 28 R. I. 16; *Belcher* v. *Arnold*, 14 R. I. 613; *McKenna* v. *Crowley*, 16 R. I. 364, at 366.

(3) As to the parcel of land on Dike street a different question is presented. Said land was conveyed to this defendant by the sheriff in proceedings under a valid levy of execution in favor of the State. It is not urged and the evidence entirely fails to warrant the contention, that said judicial sale or the judgment or execution on which it was based was, in the language of the statute, "had or made and contrived of fraud, covin, collusion or guile, to the intent or purpose to delay, hinder or defraud creditors of their just demands." In regard to this parcel the fraud claimed by the plaintiff is that by reason of the circumstances of said purchase by the defendant she is now holding said land under a secret trust for the benefit of said Damase Deslandes in fraud of his creditors. In Massachusetts and in some other States by statute the creditor is authorized to levy on land fraudulently conveyed or paid for by the debtor, the record title to which is in another. It is, however, generally held by the courts of the various states, that in the absence of such a statute,

lands fraudulently paid for by a debtor, the legal title to which has been taken in the name of another, cannot be reached by levy of execution upon a judgment at law in favor of the creditor.   Such conveyances are not void under Statute of 13 Elizabeth and statutes similar to the Rhode. Island statute against fraudulent conveyances.   The fraudulent conveyances in such statutes referred to are fraudulent conveyances by the debtor.   Such a purchase by the fraudulent debtor, in the name of another, gives to the creditor a right in equity to follow and reach the equitable assets of the debtor, but not by levy of execution at law.   *Webster* v. *Folsom,* 58 Me. 230; *Botsford* v. *Beers,* 11 Conn. 369; *Gowing* v. *Rich,* 23 N. C. 553; *Garrett* v. *Wagner,* 125 Mo. 450.   In *Tucker* v. *Denico,* 26 R. I. 560, in overruling a demurrer to a bill in equity brought to avoid such a conveyance the court used language which might be construed to mean that our statute against fraudulent conveyances applied to the sort of conveyance we are now considering as well as to one made by the debtor.   That question was not essential to the matter then under discussion and it was not the intention of the court to so construe our statute against fraudulent conveyances.   With regard to the land on Dike street we are of the opinion that the plaintiff by her purchase of the same at execution sale did not acquire the legal title thereto; and that the plaintiff cannot now maintain ejectment against this defendant to obtain possession of said land.   *Wright* v. *Douglass,* 3 Barb. 554.

The ruling of said justice directing verdict for the defendant was erroneous so far only as said ruling related to the land on Waldo street.

The case is remitted to the Superior Court for a new trial upon the question of the right of the plaintiff to have possession of the land on Waldo street, being the parcel of land first described in the declaration.

*Bassett & Raymond,* for plaintiff.
*Russell W. Richmond,* of counsel.
*Alberic A. Archambault, Raoul Archambault,* for defendant