Statement of the case.

## WILSON SWAIN v. L. W. CATO.

1. The vendor's lien being a secret and purely equitable lien, not required by law to be recorded, parties cannot be allowed to evade the registration laws by falsely reciting in a promissory note that it was given for the purchase of land, and thereby apply this lien to purposes never contemplated in equity jurisprudence, and calculated to mislead third persons and operate as a fraud upon innocent purchasers. Such fictitious liens are contrary to public policy; and as the parties fabricating them are *in pari delicto*, they will not be enforced even as between the parties themselves.

2. When a note was given in part for land and in part for other considerations, the vendor's lien may be enforced for so much of it as was for land, provided the party claiming the lien can show precisely how much of the consideration was for land.

APPEAL from Hill. Tried below before the Hon. F. P. Wood.

The material facts, though stated only in a general way, are clearly disclosed in the opinion of the court, and a recital of them them in detail would serve no sensible purpose.

The appellant was defendant below, and at the trial asked the court to charge the jury that if any part of the note was given for other considerations than land, the vendor's lien could be allowed only for the remaining portion which was given for land. The court below refused this instruction, and verdict and judgment, allowing the lien for the whole amount of the note, were rendered for the appellee, plaintiff below. A new trial being refused, the defendant appealed.

*W. L. Robards,* for the appellant, cited Miller v. Brown, 23 Texas, 440; Wynn v. Flanegan, 25 Texas, 778; Harris v. Crittenden, 25 Texas, 325; and McConkey v. Henderson, 24 Texas, 212.

*A. M. Jackson,* also for the appellant.

*Coke, Herring & Anderson*, for the appellee.—The evidence shows that the contract was well understood by both parties; that each party got all that he contracted for; that there was and has been no misunderstanding at any time about the contract or its consideration; and in fact that the whole idea of the defense is, that because the lien contracted for and agreed on by the parties was denominated the vendor's lien, it was no lien at all, for the reason that a portion of the consideration of the note was personal property.

It is an elementary principle of law that where parties capable of contracting do enter into a contract not forbidden by law, or contrary to its policy, neither will be relieved against it or heard to aver against it, except on one of three grounds, viz. : fraud, accident or mistake ; or except when, subsequent to its execution, the consideration of the contract has failed.

The pleadings of the defendant Swain do not pretend to set up either one of these grounds of relief. If alleged, the statement of facts shows no particle of proof to sustain either one of them. On the contrary, the proof shows that Swain bargained with Cato for certain things and got them ; and that he does not now pretend to deny that he got all that he bargained for. Therefore he has not been overreached, or defrauded, nor has the consideration of the note failed.

The contract exhibited by the proof is the very one he entered into and intended to enter into ; therefore there is neither mistake nor accident to be relieved against. Swain admits compliance on Cato's part with the contract; that he received and now holds Cato's property on this very contract, and asks the court to refuse to Cato the consideration which he, Swain, with the full knowledge of all the facts, agreed to give him. He is willing for Cato to have a worthless, valueless personal judgment on him for the money, but denies his right to the security he willingly gave him for its payment.

Not having been defrauded or deceived; having gotten all he contracted for; there being no mistake; the contract for the enforcement of which this suit is brought being the very contract made and intended to be made by the parties, we submit that Swain has not laid such a predicate as entitles him to aver against it. If the proper predicate were laid in his pleadings, he has not sustained it with proof. The burden is on him of proving a defense under one of the three heads named, fraud, accident, or mutual mistake. The mere allegation of it in his pleadings will not do; he must prove as well as allege his defense.

The only proof he has made is that some personal property and money went in part to make the consideration of the note sued on.

But the proof goes further and shows that Swain knew this when he gave the note and accepted the deed, both reciting that the note was given for the real estate, and both assenting and creating the lien we are now seeking to enforce. As men bind themselves, so must they stand bound, except there be fraud, accident, or mistake in the contract. In the absence of one of these invalidating elements, will the court hear Swain stultify himself by denying his solemn act as embodied in the note and deed? We presume not. But, if Swain should be permitted thus to deny his own solemn act without proof of fraud or mistake, we submit that the intention of Swain and Cato, as evinced by the deed and note, considered as one transaction, must govern their rights and obligations, respectively, under the same.

WALKER, J.—This suit was brought in the district court by Cato against Swain, on a promissory note for $461 43. This note was due one day after date, and recites that it is given for real estate, and that a vendor's lien is retained.

It appears, however, from the pleadings and the evidence, that the note recites a falsehood on its face, and that it was only in part given for real estate, and in part for goods and money.

The vendor's lien is a secret lien and one which stands solely upon the grounds of equity and good conscience. It need not be recorded, to give it the force and efficacy of a mortgage. Now, is it to be allowed that parties may evade the registration laws, and attach this secret equitable lien to all manner of uses never intended by the expounders of the law of equity, and calculated to mislead third parties, and enabling the contracting parties to practice fraud upon innocent purchasers? We think not. We are clearly of opinion that such a rule as would allow parties to make and enforce such contracts would be against public policy.

If liens could be created in this way, by simply writing (and that falsely) that a note was given for real estate, when indeed it was given for money or dry goods, all law upon the subject of mortgages might be set at nought, and all the benefit the public derive from requiring them to be recorded would be lost.

It is true that as between the parties themselves it might seem right and just that such contracts should be enforced; but the parties who engage in this sort of contract (which is against public policy) are *in pari delicto*, and equity should not step in to relieve them.

But in this case we will only follow the doctrine of Wasson v. Davis, decided at the present term, and refer again to the case of Growning v. Behn, 10 B. Monroe, 383. If the party setting up the vendor's lien can show precisely what amount of the consideration of the note was for the purchase of the land, he can have a decree *pro tanto* and no more.

The judgment of the district court is reversed and the cause remanded.