CHARLES. F. SUTTON V. MARY C. SUTTON ET AL.

1. A payment in Confederate money is not a valuable consideration, and a purchaser of land paying therefor in Confederate States money cannot be a *bona fide* purchaser for a valuable consideration.

2. A note given partly for land and partly for personal property cannot be a lien upon the land unless it can be shown *what* part of the note was given for the land.

3. Land held by one for use of himself and a joint owner, and sold by him or his legal representative for Confederate States money, is subject to partition on application of the other joint tenant.

APPEAL from Fayette. Tried below before the Hon. I. B. McFarland.

Charles Sutton in his petition alleged that he and John Sutton owned, jointly and equally, three hundred and ninety acres of land in Washington county, Texas, having bought the same from I. G. Killough on September 18, 1855, giving notes for purchase money, which notes had been paid promptly, but no deed executed for the land; that he bought and paid for, jointly with John Sutton, sixty-nine acres of John P. Bell, and traded this to I. S. Hill for one hundred and thirty acres, more or less, in Fayette county, and that he owned a half-interest in the one hundred and thirty acres. He also claimed that he and John Sutton carried on a farm on the three hundred and ninety acre tract, owning together certain personal property; that about January 1, 1860, he sold out his interest in said real and personal property to John Sutton for $5000, taking his note therefor; that $2470 of said note was for the real and the balance for the personal property sold, and the vendor's lien was claimed on the half-interest in the land for its price; that John Sutton died January 11, 1863, and the note had been allowed as a debt, but rejected as a lien on July 26, 1866, by Mrs. Mary C. Sutton, executrix of John Sutton, deceased.

In an amended petition plaintiff alleged that the sale of the land to John Sutton was a verbal one ; that he, John Sutton, had never paid the purchase money; and plaintiff asked for a partition, and that his half-interest be set aside to him.

The defendant, Mary C. Sutton, denied that the note, or any part of it, was given for the land ; alleged that her husband, John Sutton, bought the land from Charles F. Sutton and paid him for it ; that she sold the 390-acre tract as the agent of her husband to her co-defendant, George Baker, for a valuable consideration, and that neither she nor Baker had notice of any lien upon the land ; that she sold the land to Baker for "Confederate money," and had the same in her possession unused or spent, and was ready to deposit the same in court for the use and benefit of plaintiff.

The defendant, George Baker, claimed to have bought the 390-acre tract from Mrs. Mary C. Sutton and her father, John Woods, some time in December, 1862—John Sutton, her husband, then being absent in the army of the Confederate States—Baker then receiving a bond for title from Mary C. Sutton and John Woods ; that he is an innocent purchaser for a valuable consideration, without notice of plaintiff's lien, and that he had ascertained from Killough, the vendor of the Suttons, that they had paid him for the land, and that Mary C. Sutton, in November, 1865, in pursuance of said bond for title, had made him a deed, etc.

The evidence shows the following state of facts :

The bond for title from Killough, and Killough's testimony, proving that the 390-acre tract had been bought and paid for, and was owned as alleged in plaintiff's petition, and that no deed for the land had been made to the Suttons.

The testimony of the witness, John P. Bell, proving

that John and Charles Sutton bought and paid for equally the 69-acre tract; and Bell's testimony, in conjunction with that of I. S. Hill, proving that the said 69 - acre tract was exchanged for the 130 or 137½ - acre tract, and that Charles Sutton had paid for a half-interest in the 137½ acres, though the deed was executed to John Sutton.

The testimony of the witnesses, Ledbetter, and Hill, and Sutton, shows that the half-interest of Charles F. Sutton in the real estate on January 1, 1860, estimating the 390-acre tract at from $10 to $12 per acre, and the 130-acre tract at $3 per acre, was worth about $2470, the price claimed by plaintiff as its value at the time of the alleged sale.

John Sutton married the defendant, Mary C. Sutton, in 1861, and was killed at Arkansas Post in January, 1863. During the absence of her husband, in December, 1862, she and her father, John Woods, without authority, sold the 390-acre tract to the defendant, George Baker, for Confederate money, giving him a bond for title. The defendant, Baker, before purchasing, was informed by Killough and Ledbetter, who had written and witnessed the bond of Killough to the Suttons, of their equal ownership in the three hundred and ninety acres, and the witness Ledbetter also told him that Mrs. Sutton and Woods had no right to sell the land, but that their bond was probably better than the Confederate money he proposed to pay; all of which Baker admitted he knew, and said he would rather risk the bond than the Confederate money. On November 6, 1865, Baker, in pursuance of the bond, received a deed from Mary C. Sutton.

*Timmons & Brown* and *A. H. Cross,* for appellant, cited 31 Texas, 252, Goodman v. McGehee; 31 Texas, 516, Smith v. Nelson; Sugden on Vendors, 344; Story Eq. Pl., Secs. 604, 805; 30 Texas, 696, Secrest v. Jones.

*Robert L. Foard,* for appellees, cited 34 Texas, 168, Wasson v. Davis; 34 Texas, 398, Swain v. Cato.

*Moore & Ledbetter* and *Teichmuller,* for Baker.

WALKER, J.—We have in all cases held that one who purchases land for Confederate money cannot be regarded as a *bona fide* purchaser for a valuable consideration.

If it cannot be ascertained what portion of the note originally sued on was given in payment for the land, the vendor's lien cannot be enforced. (Wasson v. Davis, 34 Texas, 168 ; Swain v. Cato, 34 Texas, 398.)

But Charles F. Sutton claims that John Sutton held the legal title to the whole of the lands in controversy, by consent of the parties, whilst he was in equity entitled to one-half of the land, having paid his own money for it.

If this be true, his equitable interest in the land will entitle him to partition.

The judgment of the District Court is reversed and the cause remanded.

REVERSED AND REMANDED.