## HERMANN STIELER V. M. L. AND R. H. HOOPER.

(Case No. 5862.)

1. LAND CERTIFICATE—CONTRACT TO LOCATE—EQUITY—A written contract between A. and B. stipulated that, in consideration of one-third of the land, A. should locate B.'s land certificate. *Held*, if A. performed his contract he became the equitable owner of one-third of the land located, and if his equity was not repudiated or barred by lapse of time, and there was no plea of laches or limitation, his vendee could not be evicted by the holder of the legal title. (Rucker *v.* Daily, Austin term, 1886.)

APPEAL from Kendall. Tried below before the Hon. T. M. Paschal.

In May, 1854, at New Orleans, La., Geo. Butler entered into an agreement with Ernest Altgelt, by which he appointed Altgelt his attorney in fact to locate a certificate, and in consideration of the services to be rendered by Altgelt, bound himself to give him one-third interest in the land to be located. On December 5, 1854, the general land office issued a duplicate certificate to Butler for one-third of a

league. The certificate was located in two surveys, one in Kendall county and one in Wilbarger county, the patents issuing in the name of George Butler.

George Butler died in 1862, leaving appellee, Margaret Lucy Hooper, his only heir at law, who, joined by her husband, brought this suit against appellant for the recovery of the survey located in Kendall county. The plaintiff's pleadings were in the usual form of trespass to try title. Appellants answered "not guilty." The court rendered judgment for the appellees for the land in controversy.

*Minter & Altgelt*, for appellants, cited: Nimmo *v.* Davis, 7 Tex., 26; Neil *v.* Keese, 5 Tex., 24; Easterling *v.* Blythe, 7 Tex., 214; Miller *v.* Alexander, 8 Tex., 36; 1 Pomeroy's Eq. Jur., secs. 364, 368, *et seq.*

*W. V. Henderson*, for appellees, cited: Story on Agency, sec. 489; Hunt *v.* Rousmanier, 8 Wheat., 201; Cleveland *v.* Williams, 29 Tex., 213; Lewis *v.* Cole, 60 Tex., 341.

ROBERTSON, ASSOCIATE JUSTICE.—The instrument, in form a power of attorney, is, in effect, a contract between Butler and Altgelt, by the terms of which the latter agreed to locate for the former his land certificate, and to receive as compensation one-third of the land obtained. There was no authority to sell the land conferred upon Altgelt, and it does not appear from the statement of facts that he assumed any such authority. He located a part of the certificate upon the land in controversy before the death of Butler. The remainder of the certificate was located after Butler's death, but by whom is not stated.

There were facts proved by which a finding that the whole contract on the part of Altgelt, in the absence of any evidence to the contrary, had been performed, could be sustained. But the court below does not determine this issue of fact at all, because, in the view taken by that court, the question was unimportant. It was held that the right acquired by Altgelt under the contract, if he did fully perform his part, was no interest, legal or equitable, in the land, but a mere right to compel Butler to make him a deed. This was error. If Altgelt performed his contract, he became the owner in equity of one-third of the land located, and, if his equity was not repudiated, or barred by lapse of time, and there was no plea of laches or limitation, his vendee could not be evicted by the holder of the legal title. The quality of Altgelt's interest, after performance of the consideration, has been defined at this term, in the case of Rucker *v.* Daily. He stands pre-

cisely in the attitude of a purchaser under a bond for title after the price is paid.

It was claimed by the defendant, who was one of Altgelt's remote vendees, that the plaintiffs, by claiming the whole of the other tract, about two-thirds of the whole, were estopped from asserting title to the land in controversy. The plaintiffs are claiming the whole of both tracts. They are entitled to recover two-thirds of all the land located by virtue of the Butler certificate. If Altgelt performed his contract, his interest in the land was vendible, and his vendee could not be evicted by his co-tenants, the heirs of Butler.

The character of conveyance made by Altgelt is not stated in the record. Whether his vendees acquired by their purchase his interest in both tracts, or only in the one in controversy, depends upon facts not disclosed in the record here. The only point which can be determined on this appeal is that Altgelt had, at the date of his conveyance to the defendant's vendor, an interest in the land conveyed, and that that interest passed to the defendant and made him, as to the land embraced in his field notes, a co-tenant of the plaintiffs, and hence the judgment in favor of plaintiffs for the whole tract cannot be sustained.

The judgment will be reversed, and as the *data* for a proper disposition of the case is not found in the record, the cause will be remanded. It is so ordered.

REVERSED AND REMANDED.

[Opinion delivered June 1, 1886.]