PORTERFIELD et ux. v. TAYLOR.
(No. 1349.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 27, 1914. Rehearing Denied Dec. 17, 1914.)

1. DEEDS (§ 6*)—NATURE OF INSTRUMENT—DEED OR EXECUTORY CONTRACT TO CONVEY.

An instrument in form of a deed, reciting that the grantors had employed the grantee as their attorney to prosecute a suit to recover the land in controversy for another and in consideration of the faithful performance of the grantee's duties, the grantors sold, etc., one-fourth of whatever sum might be realized out of and collected in the cause together with one-fourth of all rents and appurtenances thereto pertaining, recovered by the grantors in the suit and assigned and transferred a one-fourth interest in the cause of action, etc., constituted a present conveyance of one-fourth of the grantors' legal title in the land, and not an executory contract to convey.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 6; Dec. Dig. § 6.*]

2. TRUSTS (§ 103*)—CREATION—ENFORCEMENT.

Where a widow, having conveyed her homestead to her son, after marriage, employed an attorney to recover the land, executing with her husband a deed to a one-fourth interest in the cause of action and without the attorney's knowledge obtained from the son a reconveyance, she held an undivided one-fourth of the land as the attorney's trustee.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 154; Dec. Dig. § 103.*]

3. PARTITION (§ 16*)—INTEREST IN PROPERTY.

Where a client held a one-fourth interest in certain land as her attorney's trustee, such title was sufficient to enable him to maintain partition.

[Ed. Note.—For other cases, see Partition, Cent. Dig. § 52; Dec. Dig. § 16.*]

Appeal from District Court, Smith County; R. W. Simpson, Judge.

Suit by H. L. Taylor against G. M. Porterfield and wife. Decree for complainant, and defendants appeal. Affirmed.

Fitzgerald, Butler & Bulloch, of Tyler, for appellants. Lasseter & McIlwaine, of Tyler, for appellee.

WILLSON, C. J. This suit was brought by appellee against appellants to partition 31 acres of land in Smith county. Appellee alleged that he owned a one-fourth, and that appellants owned a three-fourths, undivided interest in the land.

From testimony heard on the trial, it appeared that prior to August, 1912, Mrs. Porterfield, then Mrs. Senter, a widow, conveyed the land to her son H. B. Senter. After she married Porterfield, she, joined by him, employed appellee to represent her as an attorney at law in a suit afterwards commenced in the district court of Smith county to cancel and annul her deed to Senter (on the ground, it seems, that the consider-

ation therefor had failed), and for damages. Before the cause was reached for trial Mrs. Porterfield and Senter, without the knowledge or consent of appellee, effected a compromise thereof, by the terms of which Senter was to reconvey the land to Mrs. Porterfield and the suit was to be dismissed. The land was reconveyed to Mrs. Porterfield in compliance with the agreement, and appellants in writing requested the clerk to dismiss the suit. It was not dismissed, however. Instead, appellee, having learned of the compromise effected by his clients, intervened therein and sought judgment for a part of the land, on the ground that appellants had conveyed to him a one-fourth undivided interest in the cause of action in consideration of his services as their attorney in the suit. Without notice of any kind to appellants of the intervention by appellee, or knowledge thereof on their part, the suit was tried February 21, 1912, and judgment was therein rendered in appellee's favor against appellants for a one-fourth undivided interest in the land. Afterwards this suit was brought for a partition, as stated. Appellee contended in this action, as he did in his intervention in the suit against Senter, that appellants by a written instrument duly executed by them, dated August 2, 1911, had conveyed to him a one-fourth undivided interest in the land. The instrument was as follows:

"The State of Texas, County of McLennan. Know all men by these presents, that I, Mrs. Q. A. Porterfield, joined by my husband, G. M. Porterfield, for and in consideration of legal services rendered and to be rendered me by H. L. Taylor, attorney at law, Waco, Texas, and the prosecution of a suit pending in the district court of Smith county, Texas, styled Mrs. Q. A. Porterfield et al. v. H. B. Senter, a suit for the cancellation and rescission of a deed, and for damages, as is more fully shown by plaintiff's original petition filed therein, have this day and do by these presents constitute and appoint said H. L. Taylor my attorney at law and in fact and employ him to collect any and all monies growing out of and incident to the prosecution of said cause in said court pending and to do any and all acts in the premises and adjudication of said cause and to prosecute said claim at law to all courts having jurisdiction to same; and we do hereby authorize my said attorney to compromise, settle and receipt in our names for all amounts that may be due us from said defendant H. B. Senter; and we hereby agree and bind ourselves that we will carry on no negotiations of any kind with reference to the settlement of this cause of action; and further agree that the said Taylor shall have the full and exclusive power and authority to compromise or otherwise settle said cause of action.

"In consideration of the faithful performance of the duties imposed upon him as our attorney in said styled cause, we hereby sell, convey, assign and transfer, and agree to pay and deliver to said Taylor, one-fourth of whatever sum may be realized out of and collected in said cause from said defendant, together with one-fourth of all rents and appurtenances thereto pertaining, recovered by us from the defendant H. B. Senter through compromise or judgment of the court; and we do hereby assign and transfer a one-fourth interest in said cause of action, subject, however, to this agreement, that the plaintiffs herein agree to pay for three-fourths of all the expenses incident to the trial of this cause. And the said Taylor agrees to pay the remaining one-fourth of said costs.

"This instrument was executed after the above suit was filed on this the 2d day of August, 1911.          Mrs. Anna Porterfield.
                          "G. M. Porterfield."

Attached to the instrument was a certificate as follows:

"The State of Texas, County of McLennan. Before me, the undersigned notary public in and for McLennan county, Texas, on this day personally appeared Mrs. Q. A. Porterfield and G. M. Porterfield, known to me to be the persons whose names are subscribed to the foregoing instrument, and acknowledged to me that they executed the same for the purposes and consideration therein expressed. Given under my hand and seal of office this the 2d day of August, 1911.
                          "J. W. Taylor, Jr.,
          "Notary Public McLennan County, Texas."

Appellants contended that the instrument just set out was a forgery; that they, nor either of them, never either executed or acknowledged the execution of same. The contention, however, was determined against them; the jury finding on special issues submitted to them that appellants did execute and acknowledge the execution of the instrument. Appellants further contended that, if the instrument was executed and acknowledged by them as it purported to have been, it nevertheless did not operate to pass an interest in the land to appellee, because it appeared to be merely an executory contract, and as such was not enforceable because, as they averred, the land at the time the instrument purported to have been made was their homestead, and because if it was not their homestead it was part of Mrs. Porterfield's separate estate, and the execution of the instrument did not appear to have been acknowledged by her in the way necessary to bind her. On pleading and testimony authorizing it the jury found that the notary who, according to the face of the certificate, took her acknowledgment, "showed the contract to Mrs. Anna Porterfield, and then and there fully explained the same to her on an examination privily and apart from her husband G. M. Porterfield, and Mrs. Porterfield on said examination acknowledged to the notary that the same was her act and deed, that she had willingly signed the same, and that she wished not to retract it."

On findings made as stated and testimony heard by him, the court rendered judgment for appellee for a one-fourth undivided interest in the land, and directed a sale thereof for the purpose of making a partition between him and appellants.

### Opinion.

[1] The contention made by appellants, that the instrument set out in the statement above should be construed to have been an executory and not an executed contract, should, we think, be overruled.

For the consideration recited therein the instrument purported to assign and trans-

fer to appellee a one-fourth interest in appellants' "cause of action" against Senter, and we see no reason why it should not be held to have had that effect at the time it was delivered to him.

That appellants had a "cause of action" against Senter, and that that cause of action, in part at least, was based on a right existing in them to recover the land Mrs. Porterfield had conveyed to Senter, is not questioned in the record before us. By virtue of the assignment appellee became, jointly with appellants, the owner of that right. Had the suit commenced to enforce the right been prosecuted to a judgment in appellants' favor for the land, the cause of action would have become merged in the judgment, and appellants and appellee would have owned the judgment jointly, as they did the right on which it was based. 20 A. & E. Enc. Law, p. 599.

The transaction between the parties in that event, we think, in legal effect would not be unlike the ordinary one whereby the owner of a right to land evidenced by a certificate contracts with another to locate it on their joint account. In cases of that kind it is held that when the legal title to the land vests in the owner of the certificate he holds as trustee to the extent of the interest of the other party. Stieler v. Hooper, 66 Tex. 354, 1 S. W. 317; Doss v. Slaughter, 53 Tex. 237.

[2, 3] We see no reason why appellants, because they acquired the legal title to the land by compromise with instead of by a judgment against Senter, should not be treated as holding a one-fourth interest therein as trustee for appellee. If they held in that capacity, then appellee had a right to maintain his suit for a partition against them (Sutton v. Sutton, 39 Tex. 549); and we think the fact that the land was Mrs. Porterfield's homestead and a part of her separate estate at the time she conveyed it to Senter was not an answer to the suit; for at the time she dealt with appellee the title was not in her, but was in Senter, who then had possession of the land.

The judgment is affirmed.