CHURCH v. HAYNER et ux.　(No. 5959.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 13, 1918. Rehearing Denied March 20, 1918.)

1. HOMESTEAD ⬤⬤118(3) — INCUMBRANCE BY HUSBAND ALONE.

A deed of trust covering a homestead given by a husband alone, unless given in order to acquire it, or pursuant to an agreement relating to its acquisition, or unless he had the power to give it in adjusting equities against the homestead, cannot be sustained.

2. HOMESTEAD ⬤⬤118(2)—RIGHT OF HUSBAND —EXISTENCE OF PURCHASE-MONEY LIEN.

The existence of a purchase-money lien against the homestead did not authorize the husband alone to deal with the property, by giving deed of trust covering it.

3. HOMESTEAD ⬤⬤118(2) — INCUMBRANCE BY HUSBAND—FRAUD ON WIFE.

Unless there is a reasonable necessity shown for such action by the husband alone, he cannot convey or mortgage the homestead in order to cancel or adjust equities.

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

Suit by F. W. Church against Denio B. Hayner and wife. From a judgment for defendants, plaintiff appeals. Affirmed.

Wm. C. Church and Lipscomb & Lipscomb, all of San Antonio, for appellant. Lewright & Douglas, of San Antonio, for appellees.

MOURSUND, J. This suit was an action of trespass to try title, instituted by F. W. Church against Denio B. Hayner and wife to recover lot 18 and part of lot 17, block 2961, Mission Field addition to San Antonio. Defendants answered by plea of not guilty.

We shall state only the facts deemed material to the disposition of the appeal, and in stating same shall give the note referred to the legal status it has under the finding of the jury in answer to the only issue submitted, which status, we think, was established by the undisputed facts. Berry v. Boggess, 62 Tex. 239; Jones v. Male, 26 Tex. Civ. App. 181, 62 S. W. 827.

Pursuant to a contract for the purchase by Denio B. Hayner from Pompeo Coppini of the property in controversy, said Hayner and wife took possession thereof on March 15, 1913, and on May 1, 1913, Coppini and wife, by deed dated April 20, 1913, conveyed such property to Hayner expressly reserving a vendor's lien to secure a note in favor of Ira S. Smith for $2,000, dated April 30, 1913, due five years after its date. The deed was delivered May 3, 1913, and the property became the homestead of Hayner and wife, burdened with a valid vendor's lien to secure the payment of the Smith note. Smith, who was a brother-in-law of Hayner, wanted the money on the note and sent it to Hayner to negotiate. In five or six weeks Hayner, through a broker, negotiated a deal for the sale of the note to Mrs. Chittim, through F. W. Church, her agent. Under date of June 28, 1913, Smith made a transfer of the note

and the vendor's lien to Mrs. Chittim. The attorney representing Mrs. Chittim and Church suggested that Hayner make a deed of trust on the property to secure the payment of the note, and Hayner agreed to do so. Accordingly, under date of April 30, 1913, but in reality on July 14, 1913, Hayner, without the joinder of his wife, executed a deed of trust in favor of F. W. Church, trustee, conveying said property to secure the payment of said note. Mrs. Chittim paid $2,000 for the note on July 14, 1913, of which amount Smith received $1,800, the broker $100, and, under instructions from Smith, Hayner received $100 for his services in the matter.

On August 31, 1915, Mrs. Chittim filed suit against Hayner and Smith to foreclose the vendor's lien given to secure the payment of said note, and on April 6, 1916, an amended petition was filed in such suit in which Mrs. Chittim still sought a foreclosure of said vendor's lien. Hayner was duly served in such suit, and the same was pending when this case was tried.

On April 4, 1916, William C. Church, as substitute trustee, executed a deed to F. W. Church for said premises, reciting therein the resignation of F. W. Church as trustee and the appointment of William C. Church as substitute trustee on February 16, 1916, by Mrs. Chittim. The deed of trust required that the substitute trustee should be appointed in writing, but neither the deed nor the evidence showed that the appointment was thus made. The deed of trust provided that:

"The recitals in the conveyance to the purchaser shall be full evidence of the truth of the matters therein stated and all prerequisites to said sale should be presumed to have been performed."

On April 6, 1916, F. W. Church filed this suit. The trial court rendered judgment for the defendants, reciting that the law and facts are with defendants, and that there was no consideration for the deed of trust conferring the power of sale, and such judgment must be affirmed if the deed of trust, or the sale thereunder, is invalid for any of the reasons relied upon by appellees.

[1-3] It will be seen from the facts above stated that the deed of trust was not given pursuant to any agreement made for the acquisition of the homestead, and that the giving thereof was the voluntary act of the husband, at a time when the vendor's lien note had nearly five years to run, and no installment of interest was due; also that no benefit whatever accrued or was thought by the husband to accrue to the homestead rights of himself and wife by reason of the transaction, but he gave the deed of trust with power of sale solely for the purpose of assisting his brother-in-law to sell the note. The deed of trust was not substituted for the existing security, but constituted additional security, which if valid authorized

the divestiture of the homestead rights by private sale instead of through judicial proceedings, and its execution and delivery, if valid, imposed upon the homestead an additional burden. As the deed of trust was not given in order to acquire a homestead or pursuant to an agreement relating to the acquisition thereof, it cannot be sustained as valid unless the husband had the power to give the same under our decisions which authorize him to adjust equities against the homestead. We do not understand that the existence of a purchase-money lien authorizes him to deal with the property as if it were not a homestead, nor do we understand that the sole limitation upon his power is that he must not perpetrate actual fraud upon his wife with the intention of depriving her of homestead rights. In Speer's Law of Marital Rights, § 406, we find the following statement:

"The principle is that there must exist a reasonable necessity for the sale by reason of the incumbrance; in other words, the sale must have been made for the purpose of discharging a lien or adjusting an equity."

In the case of Gibbons v. Hall, 59 S. W. 814, in which a writ of error was denied, it was held that the mere fact that there was an incumbrance against the homestead would not authorize the husband to convey, even where the purchaser assumes the indebtedness. In that case no actual fraud as against the wife was shown. In the case of Wheatley v. Griffin, 60 Tex. 209, Judge Stayton laid great stress upon the fact that the purchase money was not due, and that the record failed to disclose any necessity for the sale. We have investigated many decisions on the subject, but it would not be profitable to undertake to discuss the same. Our conclusion is that, unless there is a reasonable necessity shown for action by the husband, he cannot be said to convey or mortgage in order to cancel or adjust equities, and his acts operate as a legal fraud on the homestead rights of the wife. We conclude that the deed of trust executed by Hayner was void, and that therefore the judgment must be affirmed.

This makes it unnecessary to discuss the two additional grounds relied upon by appellees for the sustaining of the judgment.

The judgment is affirmed.

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes