## HAYNER et ux. v. CHITTIM. (No. 6491.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 2, 1921. Rehearing Denied March 3, 1921.)

1. **Homestead ⬦129(2)—Bona fide purchaser of vendor's lien note protected against claim of homestead.**

Where defendant wife owned as her own separate property certain acreage, standing in the name of one S., and this acreage was conveyed by S. to C. at her request, in exchange for C.'s conveyance to defendant husband of the property in controversy, which defendants proceeded to occupy as their homestead, but the deed from C. retained a vendor's lien upon the land to secure a recited purchase-money note for $2,000 in favor of S., made at defendant husband's request, which note in fact represented no part of the purchase price, but was to pay an antecedent personal debt owed S. by defendant husband, a purchaser, who had no knowledge of the facts other than appeared by the note, deed, and records, was protected against the defense that the note, not being for any part of the purchase price, was invalid against the wife's claim of homestead.

2. **Homestead ⬦31—Purchaser of land for use as homestead can occupy land for such purpose.**

Purchaser of land for the purpose of acquiring a homestead as the head of a family for use and occupation for such purposes acquires a homestead right, protected to his family by the Constitution.

3. **Mortgages ⬦372(3), 540 — Trustee purchasing at foreclosure sale held not entitled to recover price paid on sale being set aside.**

Where the trustee of a trust deed, although knowing that the trust deed was invalid against the wife's claim of homestead, resigned and secured the appointment of a substitute trustee in order to himself bid in and purchase the property for $500, and a lawsuit by mortgagors was necessary to save the homestead against the invalid deed of trust sale, his $500 payment was a voluntary one, not recoverable when the sale was set aside as invalid, and that sum should have been indorsed as a credit upon the mortgagors' note for $2,000 secured by the trust deed, and should have been applied as a credit in their favor in later suit foreclosing the vendor's lien, also securing the note.

Error from District Court, Bexar County; S. G. Tayloe, Judge.

Suit by Annie E. Chittim against Denio B. Hayner and wife. Judgment for plaintiff, and defendants bring error. Reversed and rendered.

Lewright & Lewright, of San Antonio, for plaintiffs in error.

Wm. C. Church and W. H. Lipscomb, both of San Antonio, for defendant in error.

COBBS, J. In the case of Church v. Hayner, 201 S. W. 711, decided by this court between some of the same parties present then as here, appears a very comprehensive statement of facts peculiar to those arising in this case. In fact, they are the same facts in respect to the deed of trust taken as additional security on the same land to secure the note, and, in so far as applicable, are here referred to for a history of this case pertinent to the issues raised by the second assignment of error. This suit grows out of the same subject-matter touching the homestead controversies, and is predicated upon the foreclosure of the same vendor's lien note.

On this appeal, the first error assigned is that the note does not in fact represent any portion of the purchase money for the land upon which it is sought to be foreclosed, because the property was in fact paid for out of the funds of Emma J. Hayner, wife of Denio B. Hayner. Further, because at the time Annie E. Chittim acquired said note, it was secured by a lien upon her then homestead, and the lien is not enforceable.

This cause was submitted to the jury upon only one question, to be found by them, and which will be more fully noticed hereafter in considering the second assignment of error. The court below entered judgment in favor of defendant in error, giving judgment against Denio B. Hayner for the full amount of said note, for $2,000, principal, interest, and attorneys' fees, with a foreclosure of the lien against Denio B. Hayner and his wife, Emma J. Hayner, and dismissing the suit as against Ira S. Smith. There was no issue of facts submitted to the jury touching said note lien or homestead question.

Briefly stated, Mrs. Emma J. Hayner owned in her own separate right 160 acres of land in Colorado county, the title to which was in the name of Ira S. Smith.

On February 13, 1913, Denio B. Hayner and Pompeo Coppini entered into a written contract, whereby Coppini agreed to convey the property in controversy for the 160 acres of land in Colorado county, and to pay Hayner an additional $900 in money. Immediately after signing the contract, on March 15, 1913, Hayner, his wife and four children, went into the possession of the property in controversy, and continued to occupy the same as their home ever since. They made improvements thereon, improved the yard, set out trees, planted rosebushes, dug a cesspool, put screens in the house, built fences, etc.

On May 1, 1913, Coppini and wife executed a deed, dated April 20, 1913, conveying the

property to D. B. Hayner, retaining therein a vendor's lien upon the land to secure a note in favor of Ira S. Smith, made at the request of D. B. Hayner and recited in the deed, for $2,000, dated April 30, 1913, and Smith thereupon conveyed the Colorado land to Friedman, which conveyance was made to him at Coppini's request. Coppini's deed was delivered to Hayner May 3, 1913. On the 28th of June, 1913, Ira S. Smith sold and transferred the $2,000 note to Mrs. Annie E. Chittim, the defendant in error.

The facts showed that F. W. Church, who was then and is now the agent of defendant in error, for whom he was acting before purchasing the same for her, went upon and inspected said premises and saw its then condition and occupancy. It is not raised by the pleadings, nor is there any question presented by the evidence, as to any knowledge brought to defendant in error of the homestead claim of the Hayners against said purchase-money lien other than going upon the premises for inspection after plaintiffs in error had moved thereupon and made the improvements, all done between the dates of the Coppini contract with them for the purchase of the Coppini lots after they entered upon the premises as a home, and also after the execution and delivery of the Coppini deed. As there is no question of fact raised by any pleading or issue or any question of fact submitted to the jury for determination in respect to the validity of the lien, the sole question for us to determine on that score is whether or not that note is secured by a valid lien on the land in controversy superior to claim of plaintiff in error.

[1] As a matter of fact, this note did not represent any part of the purchase money paid for the Coppini lot, the alleged homestead, for every part of the consideration of the trade to Coppini was performed. The note to Smith was to pay an antecedent personal debt that D. B. Hayner owed him. It may be that it was an indirect way of fixing a lien on their homestead to secure Smith, without the wife's knowledge or consent. Here the deed recites that the note was given as a purchase-money note, the deed reserving an express lien therein to secure its payment. In what respect does it differ from any other negotiable purchase-money note in the hands of an innocent third party is not apparent. Whatever may be the antecedent agreement preceding the execution of the deed or the character of possession taken, when those terms become merged in the executed deed, no purchaser of a vendor's lien note, recited in and secured by the deed, is required to look beyond, in the absence of something to put him on inquiry. Such property or right acquired by the holder and owner of such a note for value is protected. One claiming the property in such a case as a homestead must hold it under some claim

of prior right to and superior to one asserting ownership to the purchase-money note. It will not do to simply go into possession of land under an executory purchase, although the terms are changed in the execution of the deed itself, and set up a homestead claim against the recitals of the instrument under which title is held by them against a bona fide holder of such a note. Mrs. Hayner nowhere upon the records appears interested in Colorado lands exchanged, in so far as the recitals of any instrument indicates. The record title thereto was in Smith.

[2] We agree to the proposition that one who purchased property for the purpose of acquiring a homestead as the head of a family for use and occupation for such purposes acquires a homestead right. And such right is protected to the family by the terms of the Constitution of Texas. The case of Wheatley v. Griffin, 60 Tex. 209, and other cases cited by plaintiff in error, make that very clear.

The case of Finley v. Wakefield, 184 S. W. 759, cited by counsel, does not sustain their position. In discussing the question as to whether attorneys' fees mentioned in a purchase-money note carries a vendor's lien, the court says it does, because the seller may require the purchaser to stipulate in the original note such an obligation to stand as a part of the original obligation, but holds that a renewal note to include attorney's fees, when the original did not, after homestead rights attached, cannot be enforced, quoting the language of our Constitution, in which provision is made protecting said property "from forced sale for the payment of all debts except for the purchase money thereof or for part of such purchase money, the taxes due thereon," etc., because attorney's fees are not embraced within the exception. In fact, no other character of debt, except the class mentioned in the Constitution, would be. It cannot be said the deed in this case, or the notes are void on their face, as between third parties, whatever its effect between the parties to the transaction may be. It required proof to establish the facts of its invalidity not apparent in the face of the instruments. When the purchaser, without any other knowledge of the transaction itself, saw therein that the note stood for the purchase money and the deed reserved the express lien, she was required to go no further because the purchase-money lien was protected under the Constitution against any homestead right that might be asserted against an innocent holder for value by any one in possession claiming a superior homestead right growing out of the sale of the land. Plaintiff in error requests us to especially note that no homestead claim is made against Coppini. That is true, but Coppini had the right under the direction of the purchaser to make the note as a part of the pur-

chase money to any one, but we see under the facts of this case a very great difference in making the claim against Coppini from making a similar claim against an innocent holder of the note.

In discussing the case of Kalteyer v. Mitchell, 110 S. W. p. 462, plaintiff in error complains it does not follow the case of Swain v. Cato, 34 Tex. 395. We fail to see any failure to follow it or anything in that case to the contrary or as authority for his contention but per contra.

It would be very difficult to distinguish or differentiate the principle announced in the Kalteyer Case from this, which plaintiff in error has attempted to do. The Kalteyer Case was decided by this court, and opinion written by the present Chief Justice, from which opinion, applicable here, we quote as follows:

"In the case of Jones v. Male (Tex. Civ. App.) 62 S. W. 827, it was held that, where the purchaser of realty pays the purchase price, and then borrows from the vendor, who retains in his deed a lien to secure such loan, referring to it as the purchase price, the lien so created is valid, though the land was to be used as a homestead, since the homestead did not attach until title was acquired. In the case of Walsh v. Ford, 27 Tex. Civ. App. 573, 66 S. W. 854, in a deed executed by M. J. Dart to Walsh, a first lien was reserved to secure a note for $1,200, and a second lien to secure the payment of a note for $550. It was shown that the $1,200 was not for purchase money, but for money borrowed by Walsh from Dart. The court held: 'There was no allegation of fraud or mistake in the recitals in the deed. Thus it will be seen, from the averments of the answer, that the deed through which the defendant derives title to the property requires the payment of the notes described therein, and expressly retains a vendor's lien to secure the same. The deed expressed the terms upon which defendant took title. Under its terms defendant took title to the lot burdened with the liens specified in the deed. Having accepted title under these terms, he cannot now be heard to attack the recitations in the deed for the purpose of defeating the notes and the lien.' A writ of error was refused by the Supreme Court. The decisions cited are supported on principle by the doctrine so often enunciated that a person cannot accept and reject the same instrument, or, having availed himself of a part of the instrument, he cannot reject its other provisions. Doty v. Barnard 92 Tex. 104, 47 S. W. 712."

We overrule the first assignment of error.

[3] The second assignment of error complains of the action of the court in not allowing a credit to plaintiff in error of the alleged payment of $500 made by F. W. Church on 4th day of April, 1916, because the undisputed proof showed that amount to have been a voluntary payment, actually made on his bid and purchase of the property in controversy under the terms of a deed of trust under which said property was sold and pur-

chased by him, which deed of trust was set aside as invalid. The litigation pertaining to that sale presented the sole question of its invalidity before this court on appeal, as set forth in the case of Church v. Hayner, 201 S. W. p. 711, supra.

As stated hereinbefore, this case was submitted to the jury upon the sole question as to whether or not in fact F. W. Church actually paid the $500, the purchase price bid for this land, and the jury found he did. We adopt the brief statement made by plaintiff in error under his second assignment of error and proposition, to wit:

"F. W. Church bought the property involved herein at a sale made by W. C. Church, as substitute trustee, on April 4, 1916, for a bid of $500, which amount the jury found was actually paid by him in cash to the substitute trustee.

"F. W. Church went to the Roosevelt avenue house two or three weeks before taking the deed of trust from D. B. Hayner for account of Mrs. Chittim, at which time the Hayners were occupying said house as their home, and then saw that the place was occupied.

"The sale to F. W. Church by W. C. Church, as substitute trustee, was declared void by decree of court in a suit by F. W. Church, as plaintiff, against plaintiffs in error herein, as defendants.

"The judgment in this cause provides that Mrs. Chittim, defendant in error, holds the $500 paid by F. W. Church in trust for him, and D. B. Hayner is given no credit on his indebtedness therefor."

In this case, Church, who was then and is now the agent of defendant in error, must then have known all about the homestead rights when he took the deed of trust if he did not know when note was purchased. He first had himself made the trustee, but when he got ready to make the sale resigned, and caused W. C. Church to be made substitute trustee in lieu of himself, the latter selling the land, which F. W. Church purchased, and paid the amount of his bid. Under that sale he urged its validity, and undertook to hold the property against the homestead right, which required a lawsuit on the part of plaintiff in error to save the home against the said invalid deed of trust sale. He has voluntarily parted with the purchase money of $500 so bid and paid by him. No payment of money could have been more voluntarily made, and, when actually paid, as he says it was, a credit should have been indorsed on that note.

In the case of Scott v. Slaughter, 35 Tex. Civ. App. 527, 80 S. W. 645, the court, in discussing voluntary payments made that could not be recovered back, says:

"In the case of Pitts v. Elsler, 87 Tex. 347, 28 S. W. 518, it is laid down that: 'Where money is voluntarily paid with full knowledge of all the facts, it cannot be recovered, although it may have been paid upon a void demand, or upon a claim which had no foundation in

fact. Taylor v. Hall, 71 Tex. 216, 9 S. W. 141; Gould v. McFall, 118 Pa. 455, 12 Atl. 336, 4 Am. St. Rep. 606. This proposition is too well settled to require further citation of authority.' See, also, Gillam v. Alford, 69 Tex. 271, 6 S. W. 757; Moreland v. Atchison, 19 Tex. 308; Pomeroy's Eq. § 851."

As F. W. Church would not be entitled to recover from Mrs. Annie E. Chittim, the owner of the note, or any one else, any part of the $500 found by the jury and admitted by him actually paid, then certainly under the facts in this case no one but her debtor should have the credit. For the reasons stated, we sustain the second assignment.

The judgment of the trial court is therefore reversed, and judgment is here rendered in favor of defendant in error for the amount sued for, less a credit of $500, with 8 per cent. interest per annum, being the rate of interest stipulated in the note, from the 4th day of April, 1916.

Reversed and rendered.