### GOODWIN v. SMITH et al.
### No. 2777.

Court of Civil Appeals of Texas. Beaumont.
June 27, 1935.

Rehearing Denied July 10, 1935.

E. W. Love, of Cleveland, for appellant.

Llewellyn & Dougherty, of Liberty, for appellees.

O'QUINN, Justice.

This suit grew out of the following facts: January 5, 1929, E. R. Goodwin and his wife, Mearie D. Goodwin, by warranty deed conveyed to C. R. Smith a one-third interest in the Cleveland Motor Company, a partnership composed of D. C. Smith, B. C. McClelland, and E. R. Goodwin, with its business located in the town of Cleveland, Liberty county, Tex. The property of the Cleveland Motor Company consisted of all of lot 12, and 10 feet off of lot 11, block 5, in said town, and the garage, and all tools, machinery, merchandise stock, and accessories situated thereon, and all notes and accounts belonging to said company. The consideration for the one-third of this property, as recited in the deed, was "$5,000.00 cash to us in hand paid by C. R. Smith."

The partnership then composed of D. C. Smith, B. C. McClelland, and C. R. Smith continued to do business under the name of "Cleveland Motor Company" until May 10, 1933, when C. W. Smith sold a one-fourth interest in the company of partnership to W. J. Dunnam. Prior to this sale, the Cleveland Motor Company filed a voluntary petition in bankruptcy, and the property involved in this suit was the only property of the partnership that remained after the adjudication in bankruptcy, the other property having been sold by the trustee in bankruptcy. Some time before June 5, 1933 (about January 30, 1931), E. R. Goodwin filed suit against C. R. Smith to recover on three notes alleged to have been given in part payment for the one-third interest in the Cleveland Motor Company conveyed by him to said Smith January 5, 1929, and seeking to foreclose an equitable vendor's lien on the lots for the part of the purchase money that they were alleged to represent. While this suit was pending, on May 10, 1933, C. R. Smith, one of the partners in Cleveland Motor Company, sold to W. J. Dunnam a one-fourth interest in said company. This sale was made subject to approval by Dunnam's attorney of Smith's title to the land. Said attorney finding Goodwin's suit against Smith for judgment on the alleged notes and for foreclosure of an equitable vendor's lien on the land for the purchase money, consulted with Goodwin and his attorney, and it was agreed that Smith would execute to Goodwin a renewal note for the balance due on said three notes in the sum of $2,112, and Goodwin would dismiss the suit. Smith executed the note, which reads:

"$2,112.00 Cleveland, Texas, June 5th, 1933.

"Twelve months after date, for value received I promise to pay to E. R. Goodwin or order Twenty One Hundred Twelve & ——no/100 Dollars, at Cleveland, Texas, to bear interest at the rate of eight per cent from date and further hereby agreeing that if this note is not paid when due to pay all costs necessary for collection including ten per cent for attorney's fees.

"[Signed] C. R. Smith. "Due June 5, 1934."

On June 28, 1933, the suit was dismissed as per the agreement.

The note was not paid when due, and this suit was brought by Goodwin August 31, 1934, against C. R. Smith, the maker of the note, and W. J. Dunnam, praying for judgment against Smith for the amount of the note, interest, and attorney's fees, and for judgment against Smith and Dunnam for foreclosure of an equitable vendor's lien on the property involved.

Appellee, defendant Dunnam, answered by general demurrer, general denial, and specially the facts relative to his purchase of the property from Smith, and that he conveyed to Smith real property of the value of $2,500 in consideration for the one-fourth interest in and to the property of the Cleveland Motor Company; that at and before the closing of the deal between him and defendant Smith, he, appellee, knew of the claim asserted by appellant, Goodwin, against Smith on the notes and against Smith's undivided interest in the property in controversy; that is, that Goodwin had filed suit against Smith to recover on three notes in the sum of $500 each, executed by Smith January 5, 1929, payable to Goodwin, and that Goodwin al-

leged that said notes had been given in part payment for the one-third interest of the Cleveland Motor Company property conveyed by Goodwin to Smith, and claimed an equitable vendor's lien on the property which he sought to foreclose; that he declined to deliver to Smith the deed to the property he was to convey in exchange for Smith's interest in the property in controversy so long as Goodwin's suit asserting that the notes upon which he sued were given in part payment for the property sold by him to Smith was pending; that thereafter and while his trade with Smith was pending, and before his, appellee's, deed to Smith was delivered, appellant, Goodwin, agreed to dismiss his said suit against Smith and to release his asserted lien against Smith's interest in the property of the Cleveland Motor Company, and to take the personal obligation of and to look to said Smith to pay his indebtedness to appellant out of the proceeds to be derived from the sale by Smith of the real estate received by him from appellee, when sold; that appellant did so agree and did dismiss his suit against said Smith and did accept from Smith a renewal note for the whole amount claimed to be due him by Smith; that appellant well knowing that he, appellee, had ·an agreement with said Smith to purchase from said Smith his one-fourth interest in the property involved, and to convey to said Smith other real estate of the value of $2,500 as consideration for same, and that appellee would not accept Smith's title to the property by him proposed to be conveyed to appellee so long as appellant's suit and asserted equitable vendor's lien was pending, did agree to and did accept said Smith's renewal note for the debt owed him by Smith, and did dismiss his said suit, whereupon appellee accepted deed from Smith to the property in controversy and did convey to Smith certain real estate in exchange for the Smith property, which he, appellee, would not have done but for said agreement and acts of appellant; whereby appellant had waived his asserted lien and was estopped from asserting any claim or lien against appellee's interest in the property in controversy. He further answered that Smith had disposed of the property conveyed to him by appellee in said deed, thus placing same beyond reach of appellee and that same could not be restored to him by Smith, and that Smith did not have other property out of which a judgment in favor of appellee could be satisfied.

The defendant Smith made no answer.

The case was tried to the court without a jury, and judgment rendered for appellant against Smith for the amount of the debt, interest, attorney's fee, and costs, and against appellant denying his prayer for foreclosure of his asserted equitable vendor's lien, the court finding that under the facts adduced on the trial appellant was not entitled to such lien.

█ There is a full statement of facts in the record, agreed to by the parties and approved by the court. The finding of the court that appellant "has not shown himself entitled to an equitable vendor's lien on the property described in his petition, in which the defendant, W. J. Dunnam, is the owner of an undivided one-fourth interest, and for which plaintiff sought foreclosure" is amply sustained. The evidence fully supports the allegations of appellees' answer as to the matters pertaining to the refusal of appellee to· accept the title of Smith to the property conveyed to him by Smith as long as appellant's suit against Smith was pending, and that appellant agreed to accept Smith's renewal note for the debt Smith owed him, and to dismiss the suit, and that Smith executed such note which was accepted by appellant and the suit dismissed as per the agreement, after which Smith's deal with appellee Dunnam was completed. Under the facts, the judgment was correct and must be affirmed.

█ We think the judgment must be affirmed for another reason. As stated above, the consideration recited in the deed from appellant, Goodwin, to C. R. Smith conveyed to him an undivided one-third of the property of the Cleveland Motor Company was "$5,000.00 cash to us in hand paid by C. R. Smith." The property conveyed consisted of real estate and several kinds of personal property. If appellant's contention that the $5,000 consideration was not paid in cash, but that only $3,000 was in cash and the remainder of $2,000 was paid in four notes each for the sum of $500, was correct, there being no express lien on the property retained to secure the payment of the notes, and the property having been conveyed in gross for the stated consideration of $5,000, and the evidence showing that there was no apportionment of said consideration as between the real and personal property, an

equitable vendor's lien did not attach to the real estate in favor of appellant, and the court did not err in refusing same. Honaker v. Jones, 102 Tex. 132, 113 S. W. 748; Sutton v. Sutton, 39 Tex. 549; Wasson v. Davis, 34 Tex. 159.

The judgment is affirmed.